IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 2:06cv335-MEF |
| AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., ) ) ) | |
| Defendants. ) ) | **DEMAND FOR JURY TRIAL** |

RECEIVED 2006 APR 12 P 2: 48

## ANSWER

COMES NOW Snyder Industries, Inc., one of the Defendants in the above-styled cause, and in response to the Complaint of the Plaintiff, and to each count and paragraph thereof, separately and severally, says as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Defendant denies each and every material averment of the Plaintiff's Complaint and demands strict proof thereof.

### Third Defense

The Defendant denies that it breached any warranty regarding the product made the basis of this lawsuit, and demands strict proof thereof.

### Fourth Defense

The Defendant denies that it was guilty of negligence as is alleged in the Complaint and denies further that any such alleged negligence on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Fifth Defense

The Defendant denies that it was guilty of wantonness as is alleged in the Complaint and denies further that any such alleged wantonness on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Sixth Defense

The Defendant denies it violated the Alabama Extended Manufacturer's Liability Doctrine as is alleged in the Complaint and demands strict proof thereof.

### Seventh Defense

The Defendant avers that there is no causal relationship between the Plaintiff's alleged damages and any conduct or product of this Defendant.

### Eighth Defense

The Defendant avers that no conduct of this Defendant was a proximate cause of the damages made the basis of this suit.

### Ninth Defense

The Defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of this

Defendant.

### Tenth Defense

The Defendant avers that the Plaintiff failed to comply with the notice provisions of the *Alabama Code* regarding the alleged claims of damage.

### Eleventh Defense

The Defendant avers that the Plaintiff or others misused the product made the basis of this suit barring any claim against the Defendant.

### Twelfth Defense

While expressly denying that any risk existed with respect to the use of the product made the basis of this suit, the Defendant contends that if any such risks are found to exist, such risks were known, appreciated and assumed by the Plaintiff.

### Thirteenth Defense

The Defendant avers that the Plaintiff was guilty of negligence in connection with the claims asserted in the Complaint, and that such negligence on its part proximately caused or proximately contributed to the damages referred to in the Complaint.

### Fourteenth Defense

The Defendant contends that the Plaintiff assumed the risk of damage, and is thereby barred from recovery.

### Fifteenth Defense

The Defendant avers that the Plaintiff's claims are barred in that the product, at the time of the alleged incident, was not in the same condition as when it was

manufactured or sold.

### Sixteenth Defense

The Defendant contends that to the extent any warranty was breached, which it denies, the Plaintiff's damages are limited or excluded in accordance with the warranties.

### Seventeenth Defense

The Defendant asserts the terms and provisions of any warranty issued to the end user of its product.

### Eighteenth Defense

The Defendant denies that the Plaintiff was damaged to the nature and extent claimed, and demands strict proof thereof.

### Nineteenth Defense

The Defendant avers that the Plaintiff or others altered or modified the product made the basis of this suit, and is thereby barred from recovery.

### Twentieth Defense

The Defendant avers the Plaintiff has failed to mitigate its damages.

### Twenty-first Defense

The Defendant avers that some of the Plaintiff's claims are barred by the applicable statute of limitations.

### Twenty-second Defense

The Defendant asserts spoliation of the evidence.

### Twenty-third Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

### Twenty-fourth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

### Twenty-fifth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

### Twenty-sixth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### Twenty-seventh Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this

case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### Twenty-eighth Defense

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### Twenty-ninth Defense

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this Defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### Thirtieth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### Thirty-first Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this

case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine.

### Thirty-second Defense

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of *Ala. Code* (1975), § 6-11-21.

### Thirty-third Defense

The Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, consent, and/or release.

The Defendant reserves the right to amend this pleading upon completion of discovery.

_____
MARK W. LEE

_____
DOROTHY A. POWELL

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
2801 Highway 280 South
300 Protective Center
Post Office Box 530630
Birmingham, AL 35253-0630
(205) 326-6600

**THE DEFENDANT DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CAUSE.**

_____
DOROTHY A. POWELL

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 12 day of April, 2006, served a copy of the foregoing via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Mr. E. Mabry Rogers
Ms. Rhonda Caviedes Andreen
Ms. Angela R. Rogers
One Federal Place
1819 Fifth Ave. N.
Birmingham, AL 35203

Mr. Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery AL 36102-2148

_____
OF COUNSEL