IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

N.A. WATER SYSTEMS, LLC,            )
 as successor by merger to          )
USFILTER ENGINEERING &              )
 CONSTRUCTION, INC.,                )
                                    )
Plaintiff ,                         )        CIVIL ACTION NO.:  2:06-CV-335-MEF
                                    )
V.                                  )
                                    )
AUGUSTA FIBERGLASS COATINGS, INC., )
 and SNYDER INDUSTRIES, INC.,       )
                                    )
Defendants.                         )

ANSWER AND CROSS CLAIM
OF DEFENDANT
AUGUSTA FIBERGLASS COATINGS, INC.

Defendant Augusta Fiberglass Coatings, Inc. (hereinafter "Augusta") answers the averments of the Complaint of plaintiff N.A. Water Systems, LLC (hereinafter "NAWS") and asserts a Cross Claim against defendant Snyder Industries, Inc. (hereinafter "Snyder") as follows:

## ANSWER

### The Parties

1.      Admitted, upon information and belief.

2.      Admitted, upon information and belief.

3.      Admitted.

4.      Admitted.

## General Averments

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted, except that Augusta asserts that the document identified and attached as Exhibit A to the Complaint is incomplete.

9.    Admitted.

10.    Denied.

11.    Denied, as respects Augusta's alleged delivery of the described tank. Augusta admits that it caused delivery, at the instruction of US Filter of a 5,100 gallon MDPE Sulfuric Acid Tank.    Augusta has no personal knowledge of the remaining allegations of paragraph 11, and thus denies the same.

12.    Augusta has no personal knowledge of the allegations of paragraph 12, and thus denies the same.

13.    Augusta has no personal knowledge of the allegations of paragraph 13, and thus denies the same.

14.    Augusta has no personal knowledge of the allegations of paragraph 14, and thus denies the same.

15.    Augusta has no personal knowledge of the allegations of paragraph 15, and thus denies the same.

16.    Augusta has no personal knowledge of the allegations of paragraph 16, and thus denies the same.

17.     Augusta has no personal knowledge of the allegations of paragraph 17, and thus denies the same.

18.     Augusta has no personal knowledge of the allegations of paragraph 18, and thus denies the same.

## Count I – Breach of Contract

19.     Paragraphs 1 through 18 above are incorporated herein by reference.

20.     Denied.

21.     Denied.

22.     Denied.

## Count II – Breach of Express Warranty

23.     Paragraphs 1 through 22 above are incorporated herein by reference.

24.     Admitted that Augusta warranted that the tanks that it sold to US Filter met the specifications of the subject Purchase Order for the MDPE Sulfuric Acid Tank, if used in compliance with supplied directions and instructions, as set forth in paragraph 6.0 of the Project Purchase Order Terms and Conditions.  Otherwise, denied.

25.     Denied, insofar as the allegations of this paragraph refer to Augusta.

26.     Denied.

## Count III – Breach of Implied Warranty

27.     Paragraphs 1 through 26 above are incorporated herein by reference.

28.     Admitted that Augusta was in the business of selling polyethylene tanks. Otherwise denied.

29.     Denied.

30.     Denied.

**<u>Count IV – Breach of Implied Warranty of Fitness for a Particular Purpose</u>**

31.    Paragraphs 1 through 30 above are incorporated herein by reference.

32.    Admitted that Augusta knew that U.S. Filter purchased the subject tank for the particular purpose of containing sulfuric acid.  Otherwise denied.

33.    Denied.

34.    Denied.

**<u>Count IV – Misrepresentation</u>**

35.    Paragraphs 1 through 34 above are incorporated herein by reference.

36.    Denied.

37.    Denied.

38.    Denied.

**<u>Count V – Negligence and Wantonness</u>**

39.    Paragraphs 1 through 38 above are incorporated herein by reference.

40.    Paragraph 40 asserts no allegations requiring a response from Augusta.

41.    Admitted that Augusta, by contract, agreed to supply a tank compliant with US Filter's specifications, and free from defects.  Otherwise denied.

42.    Denied.

43.    Denied.

**<u>Count VII – Alabama Extended Manufacturer's Liability Doctrine<br>Manufacturing Defect</u>**

44.    Paragraphs 1 through 43 above are incorporated herein by reference.

45.    Admitted.

46. Admitted that Snyder manufactured, and that Augusta sold, the subject tank. Otherwise denied.

47. Augusta has no personal knowledge of the allegations of paragraph 47, and thus denies the same.

48. Paragraphs 1 through 47 above are incorporated herein by reference.

49. Denied.

### Affirmative Defenses

50. Plaintiff's damages and remedies for any alleged breach of contract and warranty are limited by the terms and conditions of the contract for purchase and sale of the subject tank.

51. Plaintiff's claims for breach of warranty fail for absence of prior notice.

52. Plaintiff's misuse of the subject tank bars its claims for breach of contract and breach of warranty.

53. Plaintiff's contributory negligence bars its recovery for alleged AEMLD and negligence claims.

54. Plaintiff's claims for damages to the subject tank fail to state a claim upon which relief can be granted under its alleged AEMLD claim.

55. These exists lack of causal relation between Augusta's acts and the events made the basis of plaintiff's claims.

56. Plaintiff's allegations of misrepresentation are barred by the doctrine of merger.

57. Plaintiff's claims for damages for alleged recklessness fail to state a claim upon which relief can be granted.

58.    Plaintiff's claims for recovery of attorney's fees fail to state a claim upon which relief can be granted.

59.    Plaintiff has failed to mitigate its damages.

## CROSS CLAIM

Defendant Augusta Fiberglass Coatings, Inc. ("Augusta") asserts the following Cross Claim against defendant Snyder Industries, Inc. ("Snyder"):

1.    In response to the solicitation for bids of USFilter Corporation, predecessor in interest to plaintiff NAWS, Augusta purchased from Snyder, to be delivered to USFilter, a 5,100 gallon MDPE Sulfuric Acid Storage Tank, to conform with the requirements and specifications set forth in the solicitation for bids of USFilter.

2.    Snyder manufactured and caused to be delivered to USFilter the said Sulfuric Acid Storage Tank, which is made the basis of the above styled action.

3.    Augusta neither secured possession of the said Tank, inspected it, installed it, supervised its installation, or otherwise had any direct contact or involvement of the said Tank's manufacture, inspection, delivery or inspection, such that it could have discovered any defects (if any) in the manufacture of the said Tank, or any impropriety in its installation, such being wholly within the scope of the abilities and responsibilities of Snyder and, with respect to installation and start-up, USFilter.

4.    Augusta is without knowledge of the existence of any defect in the manufacture of the subject Tank, as alleged by the plaintiff, or of any impropriety in the installation of the subject Tank, if any, and demands proof of such from the plaintiff consistent with its legal burden.

5.      To the extent that plaintiff NAWS meets its burden of proving the existence of facts supporting its claims against Augusta in the above styled action based upon a defect in the subject Tank or improper installation of the subject Tank, such that Augusta is held liable to the plaintiff, then Snyder is liable over to Augusta, to indemnify it, because of Snyder's breach of contract and/or warranty in the sale of the subject Tank to Augusta, for resale to USFilter.

The foregoing considered, defendant Augusta Fiberglass Coatings, Inc. demands judgment on its Cross Claim against defendant Snyder Industries, inc., in such amount, if any, that it may me held liable to the plaintiff in the above styled action, together with costs.

/s/ Jack Owen
JACK OWEN   (ASB-4805-N66C)
Attorney for Defendant
Augusta Fiberglass Coatings, Inc.

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email:  ccowen@ball-ball.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2d day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rhonda C. Andreen, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue, N.
Birmingham, AL 35203
Email:  rcaviedes@bradleyarant.com

Angela R. Rogers, Esq.
Bradley, Arant, Rose & White, LLP
Suite 780
401 Adams Avenue
Montgomery, AL 36104-4325
Email:  arogers@bradleyarant.com

Dorothy A. Powell, Esq.
Parsons, Lee & Juliano, P. C.
300 Protective Center
2801 Highway 280 South
Birmingham, AL  35223-2480
Email: dpowell@pljpc.com

/s/ Jack Owen
OF COUNSEL