IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., <br><br> Defendants. | CIVIL ACTION NO.: 2:06-CV-335-MEF |

## CONSENT PROTECTIVE ORDER

The Plaintiff and Defendants Snyder Industries, Inc. and Augusta Fiberglass Coatings, Inc. hereto having consented through their respective attorneys for the entry of this Consent Protective Order ("Consent Order"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1.  This Consent Order shall govern certain documents produced by Plaintiff and Defendant. Furthermore, this Consent Order shall govern all information derived from such documents and all copies, excerpts or summaries thereof.

2.  The following documents shall be designated "Confidential Documents":

    (a)  Photographs from, by, or of Hyundai Motor Manufacturing Alabama which are to be produced by the Plaintiff to the Defendants in Response to Snyder Industries, Inc.'s Request for Production No. 8.

(b) any other documents which the Plaintiff or Defendants in good faith designate as "confidential."

3. All documents designated by the Parties to this Consent Order as confidential shall be stamped "CONFIDENTIAL" or otherwise marked with the word "CONFIDENTIAL" on each page of such documents, or, in the case of photographs, shall be stamped or marked "Confidential" on the back of the printed copy.

4. Such Confidential Documents shall be used solely for the purpose of the above-styled action, and shall not be used for any other business, competitive or other purpose and shall not be disclosed to any other person or third party other than:

A. Counsel for the parties to this Consent Order, including employees of such counsel to the extent necessary to render professional services in the claims filed in the above-styled action;

B. The parties in the above-styled action, but only as set out in paragraph 4, below;

C. The Court and persons employed by the Court working on this litigation;

D. Court reporters at the proceedings in this action;

E. Experts or consultants retained or consulted by the parties to the Consent Order, but only as set out in paragraph 4 below; and

F. Deponents, trial witnesses and potential witnesses, but only as set out in paragraph 4 below.

5. Prior to making such disclosure of any Confidential Documents pursuant to paragraph 3, counsel for the parties to this Consent Order shall inform any person to whom

disclosure is being made that the Confidential Documents, or any portions thereof, may only be used for the purpose set forth in this Consent Order. Additionally, each person to whom disclosure of Confidential Documents is permitted shall be shown a copy of this Consent Order and shall specifically be advised by counsel that this Consent Order applies to, and is binding upon such individual. Each such individual shall execute Exhibit A, to be retained by counsel for the party disclosing or proposing to disclose Confidential Information of another party or entity. Counsel shall, upon reasonable request by a party designating material as "Confidential," show that party's counsel only the original executed copies of Exhibit A.

(a) Confidential Documents or documents representing a part of Confidential Documents, filed with the Court shall be separated in a sealed envelope marked or stamped "Confidential Pursuant to Court Order in 2:06-CV-335-MEF."

(b) Deposition exhibits which are Confidential Documents shall be separated in a sealed envelope marked or stamped "Confidential Pursuant to Court Order in 2:06-CV-335-MEF."

(c) Deposition excerpts which incorporate Confidential Documents shall be separated in a sealed envelope marked or stamped "Confidential Pursuant to Court Order in 2:06-CV-335-MEF."

(d) Within five (5) working days of completion of a deposition day, a party may designate a topic as a "Confidential Document."

6. Within 90 (ninety) days of the ultimate and final conclusion of this matter as to the parties to the Consent Order, each Confidential Document and all excerpts or summaries thereof, shall be returned to the producing party or destroyed by the party in possession of the

Confidential Document(s) at the request of the producing party. If destruction is used, each party with Confidential Documents shall represent to the producing party that destruction has occurred.

7. Nothing in this Consent Order shall prevent a party to the Consent Order from any use of Confidential Documents produced by that party. Moreover, each party, through its counsel only, may retain Confidential Documents that are contained in pleadings or expert reports, but only if counsel's files containing Confidential Documents are maintained in accordance with this Order.

8. The inadvertent or unintentional disclosure of any Confidential Documents shall not be construed as a waiver, in whole or part, by the parties to the Consent Order claims of confidentiality, either as to the specific Confidential Documents disclosed or as to other related information.

9. Before seeking relief from the Court due to an alleged violation of this Consent Order, the party seeking relief will attempt to resolve the matter by agreement with the other party or parties to the Consent Order.

10. The terms of this Consent Order are subject to modification, extension, or limitation as may be hereafter agreed to by the parties to the Consent Order or by order of the Court. This Order will expire of its own terms, 10 years from the date hereof or on September 1, 2016.

AGREED AND ACCEPTED BY:


_____
RHONDA C. ANDREEN
Attorney for Plaintiff
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Ave. N.
Birmingham, AL 35203


_____
DOROTHY A. POWELL
Attorney for Defendant
Parsons, Lee & Juliano, P.C.
Post Office Box 530630
Birmingham, AL 35253
(205) 326-6600


_____
JACK OWEN
Attorney for Defendant
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL 36102-2148



     SO ORDERED, this the _____ day of _____, 2006.



                                    _____
                                    UNITED STATES DISTRICT COURT JUDGE

Exhibit A to Consent Protective Order

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., )<br>)<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., )<br>)<br>)<br>Defendants. ) | CIVIL ACTION NO.: 2:06-CV-335-MEF |

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Consent Protective Order in *N.A. Water Systems, LLC, v. Augusta Fiberglass Coatings, Inc. and Snyder Industries, Inc.* pending in the United States District Court for the Middle District of Alabama, Northern Division, 2:06-CV-335-MEF, and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

_____

DATE: _____