IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISIONS

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., <br><br>    Plaintiff, <br><br> v. <br><br> AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 2:06-CV-335-MEF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION OF N.A. WATER SYSTEMS, INC. UNDER RULE 37 TO COMPEL
PRODUCTION OF DOCUMENTS BY SNYDER INDUSTRIES, INC.**

N.A. Water Systems, Inc. ("Water Systems" or "plaintiff"), moves the Court for an Order compelling production of documents withheld from production by Snyder Industries, Inc. ("Snyder"), and shows the Court as follows:

1.     On June 23, 2006, plaintiff served its Request for Production of Documents, Request 1-19, on Snyder ("RFP to Snyder") **(Exhibit A)**.

2.     Within 33 days agreed by the parties (in Report of Parties' Planning Meeting, May 26, 2006, Doc. 5, Para. 3.C.), Snyder on July 24 objected to portions of plaintiff's RFP to Snyder ("Snyder's RFP Objection") **(Exhibit B)**.

3.     Snyder made an objection to producing privileged documents in Snyder's RFP objection, but it did not produce a log of withheld or privileged documents.

4. On August 9, 2006, Snyder produced documents under cover of a letter from its counsel, and it produced a new Response to plaintiff's RFP. (**Exhibit C**) It did not produce a privilege list.

5. On August 22, 2006, Snyder's counsel sent a letter to plaintiff's counsel, asking that the letter be treated as "a privilege log." In the letter (attached as **Exhibit D**), Snyder described documents withheld, including documents to and from various third parties, and including at least one document believed to contain a report by an employee regarding his inspection of the failed tank on or about September 20, 2004. It did not include any information in Exhibit D regarding the persons named in the "log."

6. Plaintiff objected to the "log" on August 24 (**Exhibit E**), and requested a "meet and confer" call with Snyder's counsel. The meeting to confer about plaintiff's objection occurred by telephone on August 28. (**Exhibit J, ¶ 6**)

7. On August 29, Snyder produced a new privilege "log" in letter format (**Exhibit F**). This log omitted ten (10) documents on the prior list (**Exhibit D**), but the omitted documents have not been produced, despite inquiry from plaintiff. (**Exhibit J, ¶ 7**)

8. In its initial disclosures (**Exhibit G**, but without its attachments), filed on June 15, 2006, Snyder did not name any insurance employees or agents as persons with knowledge, nor did it name any insurance company (or provide any insurance policy) as required by Fed. Rule Civ. Proc. 26(a)(1)(D).

9. Snyder waived any privilege of any kind because Snyder's privilege log was untimely under Fed. R. Civ. Proc. 26(b)(5) and 34(b) in that no log was timely produced (a) with its Response (**Exhibit C**) or (b) at the time of production (August 9, 2006) (**Exhibit J, ¶ 4**).

10. There is no privilege recognized under Alabama law for communications with an insurance company, except under narrow circumstances.

11. Even if the work product doctrine applies, the purely factual parts should be produced. Again, for example, the report by the Snyder employee who investigated the tank and the catastrophic leak of sulfuric acid must be produced to the extent it reveals factual

observations and conclusions. Other documents in the withheld set may have similar factual portions. Plaintiff cannot make such a determination with an inadequate log.

12. Snyder's privilege log is untimely and inadequate for failure to comply with the requirements of Fed. Rule Civ. Proc. 26(b)(5), in that it failed (and fails) to describe the documents in a manner that enables other parties (or the Court) to determine the applicability of the privilege, and 34(b) in that the reasons for the objection to each withheld item is not stated with the particularity required to determine the applicability of the privilege.

13. Snyder failed to list at least 2 redacted documents on its privilege log.

14. To the extent any privilege might otherwise attach to some or all of the documents, that privilege has been waived by Snyder's failure to comply with Rule 34(b).

15. To the extent any privilege might otherwise attach to some or all of the documents, that privilege has been waived by Snyder's failure to comply with *Guidelines to Civil Discovery Practice*.

16. Snyder has failed and refused to produce its insurance agreement(s) for inspection and copying. At its 30(b)(6) deposition, Snyder refused to allow any questions about insurance. **(Exhibit H)**

17. During the 30(b)(6) deposition of Snyder, plaintiff identified additional documents Snyder had not produced. Plaintiff demanded production by letter of September 1, 2006. **(Exhibit I)** The documents have not been produced.

18. In support hereof, plaintiff submits the Affidavit of E. Mabry Rogers (**Exhibit J**), and a Memorandum of Law.

19. We have conducted telephonic meetings to confer about the withheld documents listed in Exhibit I.

WHEREFORE, plaintiff demands that Snyder be compelled (a) to produce all documents and all applicable insurance policies, (b) to provide all documents withheld under assertion of the work product doctrine, (c) to produce a witness or witnesses forthwith in Birmingham, Alabama,

to answer all questions about the documents and the policy (policies), (d) that discovery of fact witnesses be extended for 30 days beyond October 15, 2006, solely for this discovery, and (e) plaintiff be awarded its costs and fees in bringing this Motion and taking the subject deposition(s). An Order is attached as **Exhibit K** (as a "pdf" document, with email of the Order to propord_fuller@almd.uscourts.gov in "Word" format).

Respectfully submitted,

_____
Attorney for N.A. Water Systems, LLC

OF COUNSEL:
BRADLEY ARANT ROSE & WHITE LLP
E. Mabry Rogers, Esq. (ROG005)
Rhonda Caviedes Andreen (CAV008)
Angela R. Rogers (RAI 017)
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

1/1488220.1                     4

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have served a copy of the foregoing MOTION OF N.A. WATER SYSTEMS, INC. TO COMPEL PRODUCTION OF DOCUMENTS BY SNYDER INDUSTRIES, INC. on:

      Jack Owen
      Ball, Ball, Matthews & Novak, P.A.
      Post Office Box 2148
      Montgomery, Alabama 36102-2148
      (334) 387-7680
      (334) 387-3222 (Fax)
      Email: ccowen@ball-ball.com

      Dorothy A. Powell, Esq.
      Parsons, Lee & Juliano, P. C.
      300 Protective Center
      2801 Highway 280 South
      Birmingham, AL 35223-2480
      Email: dpowell@pljpc.com

by electronic filing and by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this __12__ day of September, 2006.

                                                        _____
                                                            OF COUNSEL