# EXHIBIT A

Case 2:06-cv-00335-MEF-SRW    Document 10-2    Filed 09/12/2006    Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUGUSTA FIBERGLASS COATINGS, INC.; and SNYDER INDUSTRIES, INC. <br><br> Defendant. | Civil Action No.: 2:06-CV-335 |

### N.A. WATER SYSTEMS, LLC'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SNYDER INDUSTRIES, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, N.A. Water Systems, LLC ("NAWS") hereby serves on the Defendant, Snyder Industries, Inc. ("Snyder" or "the Defendant"), the following requests for production of documents. Documents are to be produced at the offices of Bradley Arant Rose & White LLP, One Federal Place, 1819 Fifth Avenue North, Birmingham, Alabama, for inspection and possible duplication, within the time allowed by the Federal Rules of Civil Procedure.

In the event that the Defendant is able to provide only part of the information called for by any particular request for production of documents, said Defendant shall provide as much information as possible. If the Defendant objects to any portion of any request for production, said Defendant shall provide all information called for by that portion of the request for production to which it does not object.

1

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

A.  The terms **"Plaintiff"** or **"NAWS"** shall mean N. A. Water Systems, LLC, together with its officers, directors, agents, employees, representatives and consultants. These terms shall be deemed to include all predecessor corporations, including, without limitation US Filter.

B.  The terms **"Defendant," "Augusta," "you,"** or **"your"** shall mean Augusta Fiberglass Coatings, Inc., including all current and former officers, agents, employees, representatives, consultants and attorneys of Augusta Fiberglass Coatings, Inc.

C.  The term **"Snyder"** shall mean Snyder Industries, Inc., including all current and former officers, agents, employees, representatives, consultants and attorneys of Snyder Industries, Inc.

D.  The words **"document"** and **"documents"** as used herein shall mean all written, recorded, electronically generated or stored, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleys, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business

operations, canceled checks, vouchers, ledger sheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, e-mails (with all attachments), computer disks, CAD, all records kept by electronic, photographical, or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing, of any kind or character in your possession, custody or control or known by you to exist.

    E.    The term **"Purchase Order"** refers to the agreement, including but not limited to, Purchase Order Number 7041-01-009 and all other documents cited, referenced or otherwise incorporated into the agreement, entered into on or about August 21, 2003, and issued by US Filter to Augusta.

    F.    The term **"the Tank"** refers to the 5,000 gallon capacity polyethylene tank manufactured by Snyder and sold to US Filter by Augusta, pursuant to the Purchase Order.

    G.    **"Action"** means the civil action, 2:06-CV-335, commenced by NAWS against Augusta and Snyder.

    H.    The term **"Project"** refers to the design and construction of the wastewater treatment system at the Hyundai Plant in Montgomery County, Alabama, including the design, procurement and installation of the tank.

    I.    The term **"RFQ"** refers to Request for Quotation Number 7041-01-008/012, submitted by US Filter to Augusta on or about July 1, 2003.

J. **"Work"** means any or all of the labor, supervision, or services performed for the Project, whether by Augusta or Snyder or others.

K. The term **"Complaint"** refers to the complaint filed by NAWS in the above-styled action.

L. The term **"person"** or **"persons"** refers to all entities, including without limiting the generality of the foregoing, any natural person, association, business, legal or governmental entity or association, companies, partnerships, joint ventures, and corporations.

M. The term **"or"** means and/or.

N. The terms **"include"** or **"including"** mean including but not limited to.

O. The terms **"concern"** or **"concerning"** mean relating to, referring to, describing, evidencing, constituting, or otherwise commenting on the subject matter of the request.

P. The term **"communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

Q. The use of the singular form of any work includes the plural and *vice versa*.

## REQUESTS FOR DOCUMENTS

1. Produce all documents which relate in any way to the Project, or the Work, including, without limitation, all pre-bid documents, internal notes, memoranda, calculations, and correspondence.

2. Produce all progress reports, notes, memos to the file, job diaries, calendars, minutes of job progress meetings, inspection reports, test reports, and other documents relating to

4

work performed or to be performed relating to the Project, or the Work, by Snyder and/or any of its subcontractors, vendors, or suppliers, including without limitation the design, fabrication or sale of the Tank.

3. Produce all past reports that relate in any way to the Tank, whether such report was performed by Snyder or some other third party.

4. Produce any and all correspondence or communication between you and U.S. Filter, NAWS, or any other related entity, which relates in any way to the Project or the Work.

5. Produce all correspondence or communications between you and Augusta relating in any way to the Project or the Work, including without limitation the tank.

6. Produce any and all documents that relate in any way to the Tank, including without limitation, any of its component parts, and any component parts themselves.

7. Produce any and all documents concerning observation, investigation or analysis of the Tank and its component parts.

8. Produce any and all documents, including without limitation any correspondence, that relate in any way to the spill that occurred at the Project site on or about September 14, 2004.

9. Produce all documents you intend to or may introduce into evidence during the trial of this Action.

10. To the extent not produced in response to any of the foregoing requests, produce all documents which relate in any way to the claims asserted in the Complaint, as it may be amended, or the Cross-Claim against Snyder, as it may be amended.

11. Produce any and all documents in Snyder's possession, custody or control that relate in any way to the Project, Work or Tank.

12. Produce any meeting minutes or notes referring or relating to any meeting, whether such meeting was held in person or by electronic means, including, but not limited to, telephone conferences, between Snyder and NAWS, Snyder and Augusta, and/or any representatives thereof regarding or relating to the Project, Work or Tank.

13. Produce any meeting minutes or notes referring or relating to any meeting, whether such meeting was held in person or by electronic means, including, but not limited to, telephone conferences, between or among any employee or representative of Snyder, regarding or relating to the Project, Work or Tank.

14. Produce any documents relating in any way to any agreement between Snyder and Augusta regarding work performed by Augusta or Snyder on or for the Project, including without limitation documents relating to the design, fabrication and sale of the Tank and its component parts.

15. Produce any documents related to Snyder's Quality Assurance and Quality Control Programs regarding work performed by Snyder or any third party on or for the Project, including but not limited to the design, fabrication, and sale of the Tank and its component parts.

16. Produce all shop, manufacturing, and fabrication logs relating to the design, fabrication and sale of the Tank and its component parts.

17. Produce all documents, including reports and memoranda, related to any tests, inspection or review performed relating to the design and fabrication of the Tank and any of its component parts.

18. Produce all internally and externally published advertising or promotional materials, product data sheets, instructions, sales literature relating to the Tank or its product line and the Tank's components parts.

19. Produce any statement related to the Project, Work, or Tank you have taken, have used, or have had access to.

_____
Attorney for N.A. Water Systems, LLC

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
E. Mabry Rogers, Esq. (ROG005)
Rhonda Caviedes Andreen (CAV008)
Angela R. Rogers (RAI 017)
One Federal Place
1819 Fifth Ave. N
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

7

## CERTIFICATE OF SERVICE

      I hereby certify that I have this date served N.A. Water Systems, LLC's First Request for Production to Snyder Industries, Inc. on:

Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com

Dorothy A. Powell, Esq.
Parsons, Lee & Juliano, P. C.
300 Protective Center
2801 Highway 280 South
Birmingham, AL 35223-2480
Email: dpowell@pljpc.com

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this 23RD day of June, 2006.

                                                                 OF COUNSEL