# EXHIBIT D

## PARSONS, LEE & JULIANO, P. C.
ATTORNEYS AT LAW
300 PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
BIRMINGHAM, ALABAMA 35223-2480

TELEPHONE 205-326-6600
FACSIMILE 205-324-7097

ROBERT E. PARSONS
JASPER P. JULIANO
MARCUS W. LEE
MARDA W. SYDNOR +
DAVID A. LEE
DEBORAH ANN WAKEFIELD
DOROTHY A. POWELL *
JOHN M. BERGQUIST
PAUL J. DeMARCO
JAMES A. WYATT, III
PAUL M. JULIANO

+ALSO ADMITTED IN VIRGINIA
*ALSO ADMITTED IN MISSISSIPPI

MAILING ADDRESS:
POST OFFICE BOX 530630
BIRMINGHAM, ALABAMA 35253-0630
TAX I.D. #63-0922938

www.pljpc.com

August 22, 2006

Ms. Rhonda C. Andreen
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue, N.
Birmingham, AL 35203

Mr. Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery AL 36102-2148

Re: N.A. Watersystems, LLC v. Snyder Industries, et al.
Our File: 138-1

Dear Rhonda and Jack:

I erroneously thought I had sent this letter with the documents which were previously produced by Snyder Industries, Inc. in this case. Please allow this letter to serve as a privilege log for items of discovery such as Plaintiff's request for production number 6 and other discovery request requesting the same or similar information. The only items withheld from production were internal communications after the claim was asserted by N.A. Water Systems which are privileged as being prepared in anticipation of litigation pursuant to Rule 26(b). Also withheld are communications by and between Snyder Industries, Inc. and its insurance company and/or the third party administrator for the insurance company and/or its insurance agent, which are irrelevant, immaterial, not likely to lead to the discovery of admissible evidence and not discoverable under the Federal Rules of Civil Procedure. Finally, the discovery requests can clearly be interpreted to request communications between retained defense counsel and Snyder and/or its insurer which have not been produced and which are not

Ms. Rhonda Andreen
Mr. Jack Owen
Page Two
August 22, 2006

set out in this privilege log.

1. Internal communication from Mike Spurrier to Steve Hansen, copy to Dana Janssen, Gary Ahrens and Tom O'connell, dated December 2, 2005.

2. Internal communication from Steve Hansen to Mike Spurrier, copy to Dana Janssen, Gary Ahrens and Tom O'Connell, dated December 1, 2005.

3. E-mail communication from Dave Rodgers at Claims Resource Management to Steve Hansen, copy to Kathy Fridholm and Jack Struyk at Holmes Murphy & Associates, dated December 1, 2005.

4. E-mail communication to Steve Hansen from Kathy Fridholm, copy to Jack Struyk and Dave Rogers, dated October 18, 2005.

5. E-mail communication to Dave Rodgers from Steve Hansen dated October 17, 2005.

6. Internal communication from Tom O'Connell to Mike Spurrier and Gary Ahrens, copy to Steve Hansen, Dana Janssen, Dave Gentry and Kevin Williams, dated October 16, 2005.

7. Internal communication from Mike Spurrier to Gary Ahrens, copy to Steve Hansen, Tom O'Connell, Dana Janssen, Dave Gentry and Kevin Williams, dated October 14, 2005.

8. Internal communication from Gary Ahrens to Mike Spurrier, copy to Steve Hansen, Tom O'Connell, Dana Janssen, Dave Gentry and Kevin Williams, dated October 14, 2005.

9. Internal communication from Mike Spurrier to Gary Ahrens, copy to Steve Hansen, Tom O'Connell and Dana Janssen, dated October 14, 2005.

10. Internal communication from Gary Ahrens to Mike Spurrier, copy to Steve Hansen, Tom O'Connell and Dana Janssen, dated October 14, 2005.

Ms. Rhonda Andreen  
Mr. Jack Owen  
Page Three  
August 22, 2006

11. Internal communication from Mike Spurrier to Gary Ahrens, copy to Steve Hansen, Tom O'Connell and Dana Janssen, dated October 14, 2005.

12. Correspondence to Kathy Fridholm from Dave Rodgers, copy to Steve Hansen and Mary Aldrich at Axis Capital, dated October 14, 2005.

13. Correspondence to Dave Rogers from Kathy Fridholm, copy to Jack, Struyk, Steve Hansen and Kathy Carey at Axis Capital, dated September 22, 2005.

14. Correspondence to Dave Rodgers from Kathy Fridholm, copy to Steve Hansen and Jack Struyk, dated August 4, 2005.

15. Correspondence to Steve Hansen from Dave Rodgers, copy to Kathy Fridholm and Debbie Reno, dated July 15, 2005.

16. Correspondence to Dave Rodgers from Steven Hansen dated February 23, 2005.

17. Correspondence to Steve Hansen from Dave Rodgers dated November 2, 2004.

18. Internal communication to Gary Ahrens and Tom O'Connell, copy to Dana Janssen, Steve Hansen and John Wobig, from Mike Spurrier dated February 7, 2005.

19. Internal communication to Dana Janssen and Gary Ahrens, copy to Robert Pitts, Dale Givens, Darrell Oltman and Russ McDonald, from Cullen dated September 22, 2004.

20. Internal communication to Complaint Team from Dana Janssen dated September 17, 2004.

21. Internal communication to Darrell Oltman and Mike Spurrier, copy to John Wobig and Steve Hansen, from Dana Janssen dated October 14, 2004.

22. Internal communication to Dana Janssen and Mike Spurrier from Darrell Oltman dated October 14, 2004.

**PARSONS, LEE & JULIANO, P. C.**

Ms. Rhonda Andreen
Mr. Jack Owen
Page Four
August 22, 2006

23. Internal communication to Mike Spurrier, copy to Steve Hansen and Gary Ahrens, from Dana Janssen dated October 14, 2004.

24. Correspondence to Steve Hansen from Kathy Fridholm dated October 11, 2004.

25. General Liability Notice of Occurrence/Claim dated October 8, 2004.

26. Correspondence to Dave Rodgers from Steve Hansen dated October 14, 2004.

27. Internal communication to Cullen Estes, Gary Ahrens and Dana Janssen, copy to Dale Givens, Robert Pitts, John Wobig, Jason Lenhoff and Mike Spurrier, from Darrell Oltman dated September 22, 2004.

28. Internal communication to Gary Ahrens and Dana Janssen, copy to Dale Givens, Robert Pitts, John Wobig, Jason Lenhoff and Mike Spurrier, from Cullen Estes dated September 22, 2004.

29. Internal communication to Cullen Estes and Dana Janssen, copy to Dale Givens, Darrell Oltman, Robert Pitts, John Wobig, Jason Lenhoff and Mike Spurrier, from Gary Ahrens dated September 22, 2004.

30. Internal communication to Darrell Olman from Gary Ahrens dated September 17, 2004.

As stated above, all documents identified above as "internal communications" were generated after a claim for damages was asserted against Snyder arising out of an allegation of a defective product manufactured by Snyder. Therefore, these internal communications are protected pursuant to Rule 26(b) of the Federal Rules of Civil Procedure.

If either of you have any questions regarding this privilege log, please feel free to give me a call to discuss.

PARSONS, LEE & JULIANO, P. C.

Ms. Rhonda Andreen
Mr. Jack Owen
Page Five
August 22, 2006

Very truly yours,

PARSONS, LEE & JULIANO, P.C.

*[signature]*

Dorothy A. Powell

DAP/sph