# EXHIBIT J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISIONS

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., <br><br>     Plaintiff, <br><br> v. <br><br> AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO.:  2:06-CV-335-MEF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF E. MABRY ROGERS

1.      My name is E. Mabry Rogers.  I am of legal age and competent to provide this Affidavit.  The Affidavit is made upon personal knowledge.

2.      In connection with the Motion to Compel Snyder to Produce Documents (the "Motion"), I have attempted to meet and confer with counsel for Snyder.  We in fact talked on the telephone, pursuant to a request of mine to Snyder's counsel in my letter of August 24, 2006 (Exhibit D to the Motion).  The telephonic meeting occurred on August 28, 2006.  As a result, Snyder produced a new privilege list in letter format on August 29, 2006, Exhibit F to the Motion.

3.      That letter omitted ten (10) documents which had been on a prior log, dated August 22, 2006, Exhibit D to the Motion.  The first letter listed 30 withheld documents, the second listed 20.

4.      Snyder has not provided copies of the ten (10) documents no longer described on its current privilege list, although plaintiff has requested them.

5.      Snyder has failed to produce any log as to two redactions, insofar as we can tell from the privilege log. The redacted documents are attached to this Affidavit as Affidavit Exhibits 1 and 2. Each of them is a 2 page document.

6.      Snyder produced objections to the Request for Production of Documents on July 24, 2006 (Exhibit A to the Motion). Snyder requested additional time to actually provide its full Response to Water Systems' RFP, which was allowed to August 9, 2006, in emails between Snyder's counsel and me. *See*, Affidavit Exhibit 3, attached.

7.      On August 9, 2006, Snyder produced its full Response to the plaintiff's RFP, Exhibit C to the Motion. It attached 274 pages. Thus, if each withheld document is two pages, Snyder withheld 64 pages (30 on Exhibit D plus 2 in ¶ 5 above times 2 pages each). This is more than one-fifth of the relevant documents. This withholding does not even account for documents created after plaintiff filed suit, as the parties agreed no list was required for them.

8.      Snyder's initial disclosure is attached to the Motion as Exhibit F. No insurance is disclosed. No insurance policy has been produced. During the deposition of 30(b)(6) deposition of Snyder, Snyder would not allow any inquiry regarding insurance matters. Excerpts from that deposition are attached to the Motion as Exhibit H.

9.      On September 1, 2006, Rhonda Andreen of this firm wrote Snyder's counsel to request that Snyder produce relevant documents it had identified in the deposition as existing, but did not produce. The items with the RFP references follow:

(1)      **ITEM NOT PRODUCED:** The report or notes made by Snyder's employee (Cullen Estes) on or about September 20, 2004, about his investigation of the incident and the tank that leaked;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 2, 3, 6, 7, and 8.

(2)      **ITEM NOT PRODUCED:** The transmittal sheet (or email) by Snyder sending the results of the shop test by Snyder of the tank at issue to Augusta Fiberglass, Core-B or any other entity or individual;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 4, 5, 6, 7, 11, 15, and 17.

(3)     **ITEM NOT PRODUCED:** Mr. Oltman's copy of the document marked as Exhibit 33 to his deposition;

**REQUEST FOR PRODUCTION (Exhibit A):**     *Passim*, including the definition, which indicates that documents includes all copies of a document.

(4)     **ITEM NOT PRODUCED:** The MRP information related to the failed tank and any of its component parts;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 6, 11, 15, 16, and 17.

(5)     **ITEM NOT PRODUCED:** All other electronic information stored in Snyder's tracking system regarding the failed tank and any of its component parts;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 6, 11, 15, 16, and 17.

(6)     **ITEM NOT PRODUCED:** Mr. Oltman's copy of the CED report;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 3 and 8.

(7)     **ITEM NOT PRODUCED:** The Snyder-AFC distributorship agreement in effect in 2003 and in 2004 (while it was not directly described by name, any other parts or amendments to the agreement, such as, for example only, the agreement, if any, for Snyder to affix AFC's nameplate to tanks fabricated by Snyder);

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 10 and 14.

(8)     **ITEM NOT PRODUCED:** Mr. Oltman's written (electronic or paper) documents regarding his study and determinations regarding the glue used on the Snyder-fabricated flange adapter;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 3, 7, 11, and 17,

(9)     **ITEM NOT PRODUCED:**   All Snyder drawings regarding the failed tank or any of its components, including but not limited to prior versions of any and all final drawings;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 6 and 11.

(10)     **ITEM NOT PRODUCED:**   All Snyder insurance policies applicable or possibly applicable to the incident.  Please see Rule 26(a)(1)(D);

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 1 and 6; Fed. R. Civ. P., 26(a)(1)(D).

(11)     **ITEM NOT PRODUCED:**   Snyder's internal hydrotest procedure;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Item 14.

(12)     **ITEM NOT PRODUCED:**   Snyder's Inspection Guidelines as referenced by Mr. Russ McDonald;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Item 15.

(13)     **ITEM NOT PRODUCED:**   Shop Packet for the failed tank and any of its component parts;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 15 and 17.

(14)     **ITEM NOT PRODUCED:**   Bill of Material for the failed tank, listed as Item 8210-45 on Exhibit 25 to Mr. Oltman's deposition;

**REQUEST FOR PRODUCTION (Exhibit A):** Request Items 11, 15, 16, 17 and 18.

(15)     **ITEM NOT PRODUCED:**   Final Inspection Criteria for the failed tank, and any of its component parts.

**REQUEST FOR PRODUCTION (Exhibit A):**  Request Items 11, 15, 16, 17 and 18.

10.     None of the items requested are described in paragraph 9 have been produced by Snyder, despite telephonic meetings to confer about these on September 11, 2006.

11.     Snyder's employee, Cullen Estes, visited the site to investigate the spill.  At Snyder's 30(b)(6) deposition, Snyder's counsel stated that the report had been produced. (Exhibit H, pp. 64-72, 79-80)

FURTHER, AFFIANT SAYETH NOT

_____
E. Mabry Rogers

Dated this _____ day of September, 2006.

State of Alabama          )
                          )
County of Jefferson       )

Sworn to and subscribed before me this _____
Day of September, 2006.

_____
NOTARY PUBLIC          NOTARY PUBLIC STATE OF ALABAMA AT LARGE
My Commission expires: MY COMMISSION EXPIRES: Jan 30, 2007
                       BONDED THRU NOTARY PUBLIC UNDERWRITERS

1/1490227.1                          5

# EXHIBIT
# 1



From: c.winningham@augustafiberglass.com [mailto:c.winningham@augustafiberglass.com]

Sent: Thursday, September 16, 2004 1:37 PM

To: Dana Janssen

Subject: Fw: PO# P-0418 Drawing 10568c Fitting B

Dana,

I would highly suggest that SII may want to get involved with this quickly and take a pro-active stance, and possibly send someone to Hyundai in Montgomery, AL since it is a failed glue joint that SII put together. US Filter and Hyundai are talking about back charges for environmental clean up, lost production, damages to nearby tanks, damage to dyke coating, etc.

Craig Winningham

Core-B Tanks

----- Original Message -----

From: c.winningham@augustafiberglass.com

To: Dana Janssen

Sent: Thursday, September 16, 2004 1:18 PM

Subject: PO# P-0418 Drawing 10568c Fitting B

N.A.Water Sys. v. Snyder Ind.
00198

This is a picture of the failed glue joint on a sulfuric acid tank at Hyundai Plant in Montgomery, AL (our customer is US Filter). The DFF w/ Pipe stub is in place (see bottom left corner). The 150# flange and the instrument is on the right bottom corner. The pipe did not break, only the glue joint failed.

You may want to sent someone to look at ASAP.

Thanks,

Craig Winningham

Core-B Tanks

9/17/2004

# EXHIBIT
# 2



From: Wolfe, Jerry [mailto:jerry.wolfe@veoliawater.com]
Sent: Thursday, October 14, 2004 8:32 AM
To: Darrell Oltman
Subject: RE: Hyundai sulfuric acid pipe flange failure - MT 4550VST

Darrell. Our people have pointed out that this will not test the through wall bolt connections. We're running out of options. Our people on site made up a testing device and tested the spool pieces and they held ok. The only part of the assembly that hasn't been tested is the bolted on connection. Could this be visually tested as the tank is refilled with acid? This would only show up as a leak that could be tightened with the bolt, but there is always the remote possibility that a bolt would have to be replaced which would require draining the tank again. We'd want your rep onsite while this is being done if that's the option you agree with. What's your thoughts on this procedure? The plant needs to get back into operation. They are scheduled to run some cars next week starting monday.

-----Original Message-----

10/14/2004

N.A. Water Sys. v. Snyder Ind.
00206

**From:** Darrell Oltman [mailto:doltman@snydernet.com]
**Sent:** Tuesday, October 12, 2004 6:35 PM
**To:** jerry.wolfe@veoliawater.com
**Cc:** Cullen Estes; Dana Janssen; Russ Mcdonald; core-b@augustafiberglass.com
**Subject:** Hyundai sulfuric acid pipe flange failure - MT 4650VST

Please see the attached file. This is the test device I described to you over the phone. Please let me know what you think. I think it will work fine and will satisfy the safety concerns we spoke of in our conference call with Craig today. This should allow you to air test the pipe joint without putting air pressure, water or chemicals in the tank. Please tell me if this is acceptable as soon as possible. I can not commit to having anyone from SII at the site to witness the testing without a firm test date and checking with their immediate supervisors. We will try to accomodate if possible.

Thanks,

Darrell Oltman
Industrial Products Engineer

# Snyder Industries, Inc.

P.O. Box 4583
4700 Fremont Street
Lincoln, NE  68504

(402) 465-1207 - Phone
(402) 465-1210 - Fax
doltman@snydernet.com - e-mail

*************************************************************************
This e-mail message and any attachments to it are intended only for the
named recipients and may contain confidential information. If you are not
one of the intended recipients, please do not duplicate or forward this
e-mail message and immediately delete it from your computer. If you
received this email in error, please notify postmaster@veoliawater.com

This footnote also confirms that this email message has been swept by
Mcafee for the presence of computer viruses.
*************************************************************************

# EXHIBIT
# 3

**Benschoter, Amy**

| | |
|---|---|
| **From:** | Rogers, E. Mabry |
| **Sent:** | Friday, July 28, 2006 12:39 PM |
| **To:** | 'Mark Lee' |
| **Cc:** | Dorothy Powell; Andreen, Rhonda C.; Benschoter, Amy |
| **Subject:** | RE: NA Water Systemys vs Snyder Industries |

I confirm, based upon your telling me that you have simply had trouble getting the client to provide the information or documents.

---

**From:** Mark Lee [mailto:mlee@pljpc.com]
**Sent:** Friday, July 28, 2006 12:38 PM
**To:** Rogers, E. Mabry
**Cc:** Dorothy Powell
**Subject:** NA Water Systemys vs Snyder Industries

Mabry,
This is confirming our agreement that Snyder's discovery responses are now due Monday August 7.

Thank you for the extension.
Mark

9/11/2006

**Benschoter, Amy**

| | |
|---|---|
| **From:** | Andreen, Rhonda C. |
| **Sent:** | Tuesday, July 25, 2006 7:40 AM |
| **To:** | 'Dorothy Powell' |
| **Cc:** | Rogers, E. Mabry; Benschoter, Amy |
| **Subject:** | RE: 0138-00001 N.A. Watersystems, LLC,  v. Snyder Industries  : |

```
Dorothy,
In response to your request below, we can allow one additional week -- until Monday, July
31, 2006, before considering a motion to compel.  Given the amount of time that has past
since the incident that led to this litigation, I trust you understand my clients desire
to move this matter along as expeditiously as possible.
Kindest regards,
Rhonda

Rhonda Caviedes Andreen
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Direct:  (205) 521-8683
Fax:  (205) 488-6683

Visit Our Website at www.bradleyarant.com

-----Original Message-----
From: Dorothy Powell [mailto:dpowell@pljpc.com]
Sent: Monday, July 24, 2006 9:31 AM
To: Andreen, Rhonda C.
Subject: RE: 0138-00001 N.A. Watersystems, LLC, v. Snyder Industries :

I don't think so, can you give me two weeks from today?

Thanks.

-----Original Message-----
From: Andreen, Rhonda C. [mailto:randreen@bradleyarant.com]
Sent: Monday, July 24, 2006 9:29 AM
To: Dorothy Powell
Subject: Re: 0138-00001 N.A. Watersystems, LLC, v. Snyder Industries :

Dorothy,
Do you anticipate having the responses to us this week?
Rhonda


-----Original Message-----
From: Dorothy Powell
To: Andreen, Rhonda C.
Sent: Mon Jul 24 09:10:08 2006
Subject: 0138-00001 N.A. Watersystems, LLC,   v. Snyder Industries   :

Rhonda:

My discovery responses are due today to the discovery filed on behalf of your client.  I
will need some additional time to respond to your discovery requests.  I trust this will
not be a problem.  If it is, please advise immediately.

Thanks.

Dorothy
```

Confidentiality Notice:  This e-mail is from a law firm and may be protected by the
attorney-client or work product privileges.  If you have received this message in error,

please notify the sender by replying to this e-mail and then delete it from your computer.