**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**


| | |
|---|---|
| **N.A. WATER SYSTEMS, LLC, as** | ) |
| **successor by merger to USFILTER** | ) |
| **ENGINEERING & CONSTRUCTION,** | ) |
| **INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.:  2:06-CV-335-MEF** |
| **v.** | ) |
| | ) |
| **AUGUSTA FIBERGLASS COATINGS,** | ) |
| **INC., SNYDER INDUSTRIES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |


**MOTION OF N.A. WATER SYSTEMS, LLC UNDER RULE 37 TO COMPEL
AUGUSTA FIBERGLASS TO PRODUCE DOCUMENTS AND THINGS**


N.A. Water Systems, LLC ("Water Systems" or "plaintiff"), moves the Court for its Order compelling Augusta Fiberglass Coatings, Inc. ("AFC"), to produce documents. As grounds therefore, plaintiff shows as follows:

1.      On June 23, 2006, plaintiff sent AFC its Request for Production of Documents ("RFP"). (**Exhibit A**). Pursuant to the Parties' Report of Rule 26(f) Planning Meeting, filed on May 26, 2006 (Doc. 5), a response was due within 33 days.

2.      AFC filed responses to plaintiff's RFP on August 9, 2006 (**Exhibit B**), and it filed Objections to the RFP on August 9, 2006 as well (**Exhibit C**).

3.      Along with its Response and Objections, AFC produced the documents themselves. In its transmittal letter (**Exhibit D**) dated August 9, 2006, AFC included an index to the documents produced, and it stated that "this is a complete set of the AFC documents." AFC did not include a privilege list or log. At best, it ignored the existence of relevant documents that it was not producing. Its "Objection" (**Exhibit C**) lists "blanket" and diffuse objections that are

general and do not address any specific item in the RFP. No mention is made of insurance claims, correspondence or investigation.

4.    On August 29, 2006, in response to a 30(b)(5) notice to AFC, AFC objected to producing items pertaining to AFC's quality control, quality assurance manuals, test manuals, and purchase order procedures manuals for fabrication work. It also objected to any test records for the five tanks which AFC sold plaintiff. Finally, and *for the first time*, AFC disclosed the existence of documents involving AFC and its insurance carrier related to the incident made the basis of this litigation (**Exhibit E**).

5.    AFC elaborated on its objection to documents involving its insurance carrier by stating that such documents are subject to protection from discovery under the work product doctrine, pursuant to Rule 26(b)(3). Objection was made to "all communications between AFC and any of its agents or employees, and the liability insurer of AFC and any responses thereto." *See* **Exhibit D**. The objection is vague and indeterminate as to what "agents" are involved, why communications between agents and employees are protected from discovery, and what kinds of "responses" are being withheld: fact statements? witness statements? denials of coverage? the list continues *ad infinitum*.

6.    AFC has not produced the distributorship agreement which it has with Snyder, concerning tanks of the kind which AFC sold to plaintiff. Plaintiff first learned of a distributorship agreement during the 30(b)(6) deposition of Snyder Industries, on August 31, 2006.

7.    Under the contract between AFC and plaintiff, AFC is obligated to indemnify plaintiff as follows:

> INDEMNIFICATION – Seller shall indemnify Buyer and its customers and hold them harmless from and against any and all claims, actions, proceedings, costs, expenses, losses and liability, including all attorneys' fees and costs, arising out of or in connection with or relating to any Goods or services performed by Seller pursuant to this order, including without limitation all product liability claims and any claims involving personal injury, death or property damage. The obligations set forth in this Section shall survive the termination or fulfillment of this purchase order.

8.    On September 24, 2004, AFC was requested to notify its CGL carrier of the catastrophic leak of 93% sulfuric acid which occurred on September 14. (**Exhibit F**, as provided by AFC with its Disclosures).

9.    On February 2, 2005, AFC wrote Snyder Industries, Inc. ("Snyder") that all of the damages were the fault of Snyder (**Exhibit G**, provided by AFC in its Disclosures).  Plaintiff has no contract with Snyder.

10.    Plaintiff received the AFC's objections on August 31, 2006, and immediately (on September 1, 2006) requested a meeting to confer with counsel for AFC, regarding the withheld documents. (**Exhibit I**, ¶ 7)  Rather than conduct the meeting to confer, AFC instead continued its objection in a lengthy email exchange.  Counsel for plaintiff attempted to have meetings with AFC's counsel to confer about the objection thereafter, to no avail, although AFC took two steps, in response to the email exchange which occurred in lieu of an actual meeting to confer about the objections:

(a)    It produced its insurance policy (which it had disclosed in its Disclosures, but had not produced); and

(b)    It produced a privilege log as to two redactions it had made on documents sent with its Disclosures in the case.  That privilege log is attached as **Exhibit H**.  It was served on September 5, 2006.

11.    Documents regarding test procedures, procurement manuals, quality control and quality assurance, and any tests on three of the tanks which AFC sold to plaintiff are all relevant, as defined under Fed. R. Civ. P. 26(b)(1), and should have been produced.

12.    The documents which heretofore have been placed on no log of withheld evidence must be produced, as there is a complete waiver of any applicable privilege or doctrine, because of the failure to comply with Fed. R. Civ. P. 26(b)(5) and 34(b).

13.    In addition, the two redactions which were listed on a log (**Exhibit H**) must be produced, because any privilege has been waived by reason of failure to comply with Rule 26(b)(5), 34(b), and because the descriptions are inadequate.

14.    Plaintiff submits the affidavit of E. Mabry Rogers (**Exhibit I**) in support of this Motion, along with its memorandum.

15.    The tank which catastrophically failed and leaked 93% sulfuric acid on September 14, 2004, bore the nameplate of Augusta Fiberglass Coatings, and it was sold to plaintiff by AFC, pursuant to purchase orders between plaintiff and AFC. A second tank sold to plaintiff by AFC was also damaged by the leakage and was repaired by AFC. (**Exhibit I, ¶¶ 14, 17**) AFC supplied the shop drawing for the tank indicating the tank was to be hydrotested. (**Exhibit J**)

16.    As a result of the refusal by AFC to produce documents, and because of the existence of numerous undescribed documents which are allegedly covered by the "work product doctrine," plaintiff to its prejudice postponed depositions of AFC under Rule 30(b)(6) and of AFC's President, Mr. Boyd. The parties agreed that fact depositions were to conclude by October 15, 2006. (Doc. 5, ¶ 3.F.)

17.    Notwithstanding the fact that AFC delivered the five tanks to Alabama, notwithstanding the fact that it has availed itself of the privilege of this Court in making a cross-claim against Snyder, and notwithstanding the fact that two of its employees came to Alabama to investigate or repair the damage, AFC has taken the position that all parties must travel to a remote and inconvenient area of South Carolina in order to take the 30(b)(6) deposition of AFC and of its President, Mr. Boyd. This is an inappropriate expense and imposition on plaintiff and violates the duty of AFC to mitigate damages to plaintiff. Furthermore, all counsel are in Alabama.

WHEREFORE, plaintiff demands that AFC be compelled to produce all documents and things as follows: (a) produce all documents as follows: test procedures and manuals, procurement manuals, quality control and quality assurance manuals, purchase order procedures manuals for its fabrication work or for its purchases or for both, all documents that relate in any way to testing, shop testing, shop test procedures, or inspection of the tanks fabricated, or sold, by AFC and supplied to the Project pursuant to the Purchase Order, and the distributorship agreement (and amendments) with Snyder, including all documents or things related to these documents reasonably necessary to understand them in the context of this litigation, (b) provide all documents withheld under assertion of the work product doctrine and the two redacted

documents on the AFC privilege log of September 4, 2006, (c) produce 30(b)(6) witness or witnesses forthwith in Montgomery, Alabama, to answer questions about the documents and the facts of this case, (d) that Mr. Boyd be deposed in Montgomery, Alabama, and (e) that discovery of fact witnesses be extended for 30 days beyond October 15, 2006, solely for this discovery, and that AFC should appear to show cause why it should not pay the fees, expenses, and costs of plaintiff in bringing this motion. An Order is attached as **Exhibit K** (as a "pdf" document, with email of the Order to propord_fuller@almd.uscourts.gov in "Word" format).

Respectfully submitted,

_____
Attorney for N.A. Water Systems, LLC

OF COUNSEL:
BRADLEY ARANT ROSE & WHITE LLP
E. Mabry Rogers, Esq. (ROG005)
Rhonda Caviedes Andreen (CAV008)
Angela R. Rogers (RAI 017)
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing MOTION OF N.A. WATER SYSTEMS, LLC UNDER RULE 37 TO COMPEL AUGUSTA FIBERGLASS TO PRODUCE DOCUMENTS AND THINGS on:

Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email:  ccowen@ball-ball.com

Dorothy A. Powell, Esq.
Parsons, Lee & Juliano, P. C.
300 Protective Center
2801 Highway 280 South
Birmingham, AL  35223-2480
Email: dpowell@pljpc.com

by electronic filing and by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this ___(3___ day of September, 2006.

_____
OF COUNSEL