# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> V. <br><br> AUGUSTA FIBERGLASS COATINGS, INC. and SNYDER INDUSTRIES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 2:06-CV-335-MEF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT AUGUSTA FIBERGLASS COATINGS, INC.'S OBJECTION TO PLAINTIFF'S SECOND AMENDED NOTICE TO TAKE DEPOSITION OF 30(b)(6)REPRESENTATIVE AND 30(b)(5) DOCUMENT REQUEST**

Defendant Augusta Fiberglass Coatings, Inc. (hereinafter "AFC") objects to the following designated elements of the Plaintiff's Amended Notice to Take the Deposition of 30(b)(6) Representative of Augusta Fiberglass Coatings, Inc., and 30(b)(5) Document Request, dated August 25, 2006.

1. AFC objects to producing any witness to give testimony with respect to item number 4 of the listed topics of listed testimony, pertaining to AFC's quality control, quality assurance manuals, test manuals and purchase order procedures manuals for fabrication work.

2. Documents within the scope of item number 3 of the list of documents requested to be produced, with respect to tanks fabricated by AFC.

3. Documents within the scope of item number 5 of the Plaintiff's requested documents, pertaining to documents exchanged between AFC and its insurance carrier related to the incident made the basis of this litigation.

As grounds, AFC asserts that the above-requested items of testimony and documents are not within the scope of the issues raised by the Plaintiff's Complaint, are irrelevant, and testimony and production of the requested documents is not reasonably calculated to lead to the discovery of admissible evidence. Further, with respect to item number 5 of the Plaintiff's listed document requests, such documents are subject to the protection from discovery provided by Rule 26(b)(3), Federal Rules of Civil Procedure, in that such documents necessarily include those prepared in anticipation of litigation or for trial.

The nature of the documents to which objection herein is made include all communications between AFC and any of its agents or employees, and the liability insurer of AFC and any responses thereto.

/s/ Jack Owen
JACK OWEN   (ASB-4805-N66C)
Attorney for Defendant
Augusta Fiberglass Coatings, Inc.

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com

2

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon the following by placing copy of same in the United States Mail, first class, postage prepaid and properly addressed this date:

August 29, 2006.

_____
OF COUNSEL

E. Mabry Rogers, Esq.
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue, N.
Birmingham, AL 35203
Email: rcaviedes@bradleyarant.com
       mrogers@bradleyarant.com

Dorothy A. Powell, Esq.
Parsons, Lee & Juliano, P. C.
300 Protective Center
2801 Highway 280 South
Birmingham, AL 35223-2480
Email: dpowell@pljpc.com

3