IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N. A. WATER SYSTEMS, LLC, as successor-by-merger to USFILTER ENGINEERING & CONSTRUCTION, INC.<br><br>Plaintiff,<br><br>v.<br><br>SNYDER INDUSTRIES, INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO.: 2:06-CV-335-MEF<br>)<br>)<br>) |

### NON-PARTY HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC'S OBJECTION AND MOTION TO QUASH SUBPOENA

**COMES NOW** Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), a non-party to the above-styled case, and hereby objects to the subpoena issued by counsel for one of the defendants, Snyder Industries, Inc. ("Snyder"), commanding HMMA to permit inspection of its premises and moves the Court to enter an Order quashing this subpoena. As grounds for this motion, HMMA shows unto the Court the following:

1.  HMMA is not a party to the above-styled action.

2.  On September 13, 2006, HMMA was served with a subpoena commanding the inspection of certain equipment and its component parts located at HMMA's premises, as well as the taking of photographs of HMMA's premises in connection with the inspection. The subpoena and additional papers served on HMMA are attached hereto as Exhibit "A."

3.  The subpoena, issued by this Court on September 12, 2006, commands the inspection of HMMA's premises on September 15, 2006 at 10:00 a.m. Moreover, the subpoena provides that any photographs taken in connection with the inspection of HMMA's premises will

be subject to the Consent Protective Order (the "Order") entered by the Court in the above-styled case, a copy of which is attached to the subpoena.

4. The subpoena is due to be quashed for two separate and independent reasons. First, the subpoena is due to be quashed because it "fails to allow reasonable time for compliance." Fed. R. Civ. P. 45(c)(3)(A)(i). HMMA received the subpoena on September 13, 2006. The subpoena calls for the inspection of certain equipment and other parts located at HMMA's premises within two (2) days of the subpoena being issued. Clearly, two days is an unreasonable amount of time to provide a corporation with the opportunity to review the purpose of the subpoena and to coordinate the schedules of those employees and corporate representatives whose participation is necessary in order for HMMA to comply with the subpoena. Moreover, on the date specified for the inspection to occur, September 15, 2006, HMMA's senior and executive management will be in attendance at an off-site executive retreat which was planned well in advance of the subpoena being served on HMMA.

5. Second, the subpoena is also due to be quashed because it "requires disclosure of privileged or other protected matter, and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). The information sought by the subpoena seeks the inspection of certain equipment and its component parts located at HMMA's premises and the taking of photographs of this equipment and HMMA's premises located near and around the site of the equipment. HMMA has a "no camera" policy regarding photography of its manufacturing process and its facility, in general. Photographs made of the equipment, located at HMMA's premises, will involve the disclosure of HMMA's proprietary business information, which is privileged and confidential. Moreover, the subpoena is due to be quashed because it requires disclosure of a

"trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B)(i).

6. Although the subpoena provides that any photographs of HMMA's premises taken during the inspection of the equipment will be subject to the terms of the Order, the provisions of the Order do not adequately provide for protection from disclosure of HMMA's confidential and trade secret information. Specifically, paragraph 2(a) of the Order provides that the following documents shall be designated "Confidential Documents:"

> (a)   Photographs from, by, or of Hyundai Motor Manufacturing Alabama which are to be produced by the Plaintiff to the Defendants in Response to Snyder Industries, Inc.'s Request for Production No. 8.

> (b)   any other documents which the Plaintiff or Defendants in good faith designate as "confidential."

7. As shown above, the Order designates as "Confidential Documents" only those photographs of HMMA's premises produced by the Plaintiff to the Defendants in response to a discovery request. The inspection of HMMA's premises and any photographs taken during the inspection would be taken by Defendant Snyder, the party serving the subpoena on HMMA. Pursuant to the Order, Snyder would have unfettered discretion to use the photographs of HMMA's premises in its defense of the claims alleged against it in this action. The Order does not provide for the protection from disclosure of the photographs sought by Snyder pursuant to the Subpoena. Because the Order offers no protection for HMMA from the disclosure of its trade secrets, confidential and proprietary information, the subpoena should be quashed.

8. If HMMA is forced to comply with the subpoena, it would be risking the disclosure of information that is confidential, proprietary, privileged, trade secret information. The effects of such compliance could be disastrous to HMMA and is the precise reason why the rules of civil procedure protect such information from undue intrusion. Because the subpoena

seeks confidential proprietary trade secret information, it is due to be quashed pursuant to Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure.

9.   HMMA reserves the right to present additional objections to the subpoena should the Court require a hearing on this motion.

**WHEREFORE, PREMISES CONSIDERED**, HMMA respectfully requests this Court to enter an appropriate Order quashing the attached subpoena and otherwise prohibiting the inspection and photography of HMMA's premises. HMMA requests such other, further, and different relief as this Court deems appropriate.

/s/ Janine L. Smith
D. Christopher Carson (CARSC4255)
Janine L. Smith (SMITJ4171)

Attorneys for Non-Party,
Hyundai Motor Manufacturing Alabama, LLC

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:   (205) 251-3000
Facsimile:    (205) 458-5100

1500522

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been electronically filed and electronically served upon those parties who have registered for CM/ECF service, and the foregoing document has also been served on the following by directing a copy of the same to the addresses listed below through first-class, United States mail, postage prepaid, on this the 15th day of September, 2006:

Mark W. Lee
Dorothy A. Powell
Parsons, Lee & Juliano, P.C.
P. O. Box 530630
Birmingham, AL  35253-0630

E. Mabry Rogers
Rhonda Caviedes Andreen
Bradley, Arant, Rose & White
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203

Jack Owen
Ball, Ball, Matthews & Novak, P.A.
P. O. Box 2148
Montgomery, AL  36102-2148

                                              /s/ Janine L. Smith
                                              OF COUNSEL