Issued by the

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| N. A. WATER SYSTEMS, LLC., as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC. | v. AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC | SUBPOENA IN A CIVIL CASE |
| | | CASE NUMBER: 2:06-CV-335-MEF |

TO: Hyundai Motor Manufacturing Alabama, LLC
c/o Mr. Chadwick A. Griffon
1500 Hyundai Boulevard
Montgomery, AL 36105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or object at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES The Snyder Industries, Inc. tank and its component parts located at Hyundai Motor Manufacturing Alabama, LLC which was involved in the spill on September 14, 2004, and containment around the tank for the purpose of taking photographs. Any photographs taken will be subject to the consent protective order entered in this case, a copy of which is attached hereto as Ex. A. | DATE AND TIME September 15, 2006 at 10:00 a.m. |
|---|---|

Page 1 of 3

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

*[signature]*

MARK W LEE
DOROTHY A POWELL
ATTORNEY FOR DEFENDANT

DATE 9-12-06

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER

PARSONS, LEE & JULIANO, P C, Post Office Box 530630, Birmingham, AL 35253-0630 (205) 326-6600

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 9/13/06 | HYUNDAI PLANT |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| CHADWICK A GRIFFIN | IN PERSON |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| EMILY MASSEY | COUNSEL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on  9/13/06
DATE

*[signature]*
SIGNATURE OF SERVER

P.O. Box 530630
ADDRESS OF SERVER

Birmingham AL 35253

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

Page 2 of 3

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden
(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unrelated expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing a true and correct copy of same in the United States Mail, postage prepaid and properly addressed to the following:

Mr E Mabry Rogers
Ms Rhonda Caviedes Andreen
Bradley, Arant, Rose & White
One Federal Place
1819 Fifth Avenue, N
Birmingham, AL 35203

Mr Jack Owen
Ball, Ball, Matthews & Novak, P.A
Post Office Box 2148
Montgomery AL 36102-2148

This the 12th day of September, 2006

_____
OF COUNSEL

Page 3 of 3

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., <br><br> Defendants. | CIVIL ACTION NO.: 2:06-CV-335-MEF |

## ORDER

Upon consideration of the joint motion for protective order (Doc # 8), filed September 5, 2006, and for good cause, it is

ORDERED that the motion be and hereby is GRANTED as follows:

The Plaintiff and Defendants Snyder Industries, Inc. and Augusta Fiberglass Coatings, Inc. hereto having consented through their respective attorneys for the entry of this Consent Protective Order ("Consent Order"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1   This Consent Order shall govern certain documents produced by Plaintiff and Defendant. Furthermore, this Consent Order shall govern all information derived from such documents and all copies, excerpts or summaries thereof.

2   The following documents shall be designated "Confidential Documents":

EXHIBIT A

(a) Photographs from, by, or of Hyundai Motor Manufacturing Alabama which are to be produced by the Plaintiff to the Defendants in Response to Snyder Industries, Inc.'s Request for Production No. 8.

(b) any other documents which the Plaintiff or Defendants in good faith designate as "confidential."

3. All documents designated by the Parties to this Consent Order as confidential shall be stamped "CONFIDENTIAL" or otherwise marked with the word "CONFIDENTIAL" on each page of such documents, or, in the case of photographs, shall be stamped or marked "Confidential" on the back of the printed copy.

4. Such Confidential Documents shall be used solely for the purpose of the above-styled action, and shall not be used for any other business, competitive or other purpose and shall not be disclosed to any other person or third party other than:

A. Counsel for the parties to this Consent Order, including employees of such counsel to the extent necessary to render professional services in the claims filed in the above-styled action;

B. The parties in the above-styled action, but only as set out in paragraph 4, below;

C. The Court and persons employed by the Court working on this litigation;

D. Court reporters at the proceedings in this action;

E. Experts or consultants retained or consulted by the parties to the Consent Order, but only as set out in paragraph 4 below; and

F. Deponents, trial witnesses and potential witnesses, but only as set out in paragraph 4 below.

1/1485670.1

2

5. Prior to making such disclosure of any Confidential Documents pursuant to paragraph 3, counsel for the parties to this Consent Order shall inform any person to whom disclosure is being made that the Confidential Documents, or any portions thereof, may only be used for the purpose set forth in this Consent Order. Additionally, each person to whom disclosure of Confidential Documents is permitted shall be shown a copy of this Consent Order and shall specifically be advised by counsel that this Consent Order applies to, and is binding upon such individual. Each such individual shall execute Exhibit A, to be retained by counsel for the party disclosing or proposing to disclose Confidential Information of another party or entity. Counsel shall, upon reasonable request by a party designating material as "Confidential," show that party's counsel only the original executed copies of Exhibit A.

(a) Confidential Documents or documents representing a part of Confidential Documents, filed with the Court shall be separated in a sealed envelope marked or stamped "Confidential Pursuant to Court Order in 2:06-CV-335-MEF."

(b) Deposition exhibits which are Confidential Documents shall be separated in a sealed envelope marked or stamped "Confidential Pursuant to Court Order in 2:06-CV-335-MEF."

(c) Deposition excerpts which incorporate Confidential Documents shall be separated in a sealed envelope marked or stamped "Confidential Pursuant to Court Order in 2:06-CV-335-MEF."

(d) Within five (5) working days of completion of a deposition day, a party may designate a topic as a "Confidential Document."

6. Within 90 (ninety) days of the ultimate and final conclusion of this matter as to the parties to the Consent Order, each Confidential Document and all excerpts or summaries

1/1485670 1                                    3

thereof, shall be returned to the producing party or destroyed by the party in possession of the Confidential Document(s) at the request of the producing party. If destruction is used, each party with Confidential Documents shall represent to the producing party that destruction has occurred.

7     Nothing in this Consent Order shall prevent a party to the Consent Order from any use of Confidential Documents produced by that party. Moreover, each party, through its counsel only, may retain Confidential Documents that are contained in pleadings or expert reports, but only if counsel's files containing Confidential Documents are maintained in accordance with this Order.

8     The inadvertent or unintentional disclosure of any Confidential Documents shall not be construed as a waiver, in whole or part, by the parties to the Consent Order claims of confidentiality, either as to the specific Confidential Documents disclosed or as to other related information.

9     Before seeking relief from the Court due to an alleged violation of this Consent Order, the party seeking relief will attempt to resolve the matter by agreement with the other party or parties to the Consent Order.

10    The terms of this Consent Order are subject to modification, extension, or limitation as may be hereafter agreed to by the parties to the Consent Order or by order of the Court. Upon final disposition of this case, the Court will no longer retain jurisdiction of this Order; however, the Parties agree that the Agreement will remain in effect for 10 years from the date hereof on September 1, 2016.

DONE, this 8th day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

1/1485670 1

Exhibit A to Consent Protective Order

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., )<br>)<br>)<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., )<br>)<br>    Defendants. ) | CIVIL ACTION NO.: 2:06-CV-335-MEF |

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Consent Protective Order in *N.A. Water Systems, LLC, v. Augusta Fiberglass Coatings, Inc. and Snyder Industries, Inc* pending in the United States District Court for the Middle District of Alabama, Northern Division, 2:06-CV-335-MEF, and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

_____

DATE: _____