IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO.: 2:06-CV-335-MEF ) |
| AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., | ) ) ) |
| Defendants. | ) |

### DEFENDANT SNYDER INDUSTRIES, INC.'S
### OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

COMES NOW Snyder Industries, Inc., one of the Defendants in the above-styled cause, and preserves the following objections to the Plaintiff's First Request for Production:

### GENERAL OBJECTIONS

1. The Defendant objects to each discovery request to the extent that it may be interpreted to call for the production of information or documents which are privileged or confidential including the attorney-client privilege, the attorney work product privilege, or information prepared in anticipation of litigation.

2. The Defendant objects to each discovery request to the extent that it may be interpreted to call for information which is overly broad and burdensome, vague or ambiguous, immaterial, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and not properly discoverable under the *Federal*

EXHIBIT 2

*Rules of Civil Procedure.*

## SPECIFIC OBJECTIONS

Without waiving the General Objections set forth hereinabove, the Defendant asserts the following additional objections:

1. Produce all documents which relate in any way to the project, or the Work, including, without limitation, all pre-bid documents, internal notes, memoranda, calculations, and correspondence.

> **OBJECTION:** The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product. The Defendant further objects to this Request in that it is vague and ambiguous.

3. Produce all past reports that relate in any way to the Tank, whether such report was performed by Snyder or some other third party.

> **OBJECTION:** The Defendant objects to this Request in that it calls for information which is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this Request in that it is vague and ambiguous.

4. Produce any and all correspondence or communication between you and U.S. Filter, NAWS, or any other related entity, which relates in any way to the Project or the Work.

> **OBJECTION:** The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product.

6. Produce any and all documents that relate in any way to the Tank, including without limitation, any of its component parts, and any component parts

themselves.

>**OBJECTION:** The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product. The Defendant further objects to this Request in that it is vague and ambiguous. The Defendant further objects to this Request in that it calls for information which is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

7. Produce any and all documents concerning observation, investigation or analysis of the Tank and its component parts.

>**OBJECTION:** The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product. The Defendant further objects to this Request in that it is vague and ambiguous.

8. Produce any and all documents, including without limitation any correspondence, that relate in any way to the spill that occurred at the project site on or about September 14, 2004.

>**OBJECTION:** The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product. The Defendant further objects to this Request in that it is vague and ambiguous.

10. To the extent not produced in response to any of the foregoing requests, produce all documents which relate in any way to the claims asserted in the Complaint, as it may be amended, or the Cross-Claim against Snyder, as it may be amended.

>**OBJECTION:** The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product. The Defendant

further objects to this Request in that it is vague and ambiguous.

11. Produce any and all documents in Snyder's possession, custody or control that relate in any way to the Project, Work or Tank.

**OBJECTION**: The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product. The Defendant further objects to this Request in that it is vague and ambiguous.

12. Produce any meeting minutes or notes referring or relating to any meeting, whether such meeting was held in person or by electronic means, including, but not limited to, telephone conferences, between Snyder and NAWS, Snyder and Augusta, and/or any representatives thereof regarding or relating to the Project, Work or Tank.

**OBJECTION**: The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product.

13. Produce any meeting minutes or notes referring or relating to any meeting, whether such meeting was held in person or by electronic means, including, but not limited to, telephone conferences, between or among any employee or representative of Snyder, regarding or relating to the Project, Work or Tank.

**OBJECTION**: The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product.

15. Produce any documents relating to Snyder's Quality Assurance and quality Control Programs regarding work performed by Snyder or any third party on

or for the Project, including but not limited to the design, fabrication, and sale of the Tank and its component parts.

> **OBJECTION:** The Defendant objects to this Request in that it calls for documents which are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence or which constitutes confidential and/or proprietary information.

16. Produce all shop, manufacturing, and fabrication logs relating to the design, fabrication and sale of the Tank and its component parts.

> **OBJECTION:** The Defendant objects to this Request in that it calls for documents which are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence or which constitutes confidential and/or proprietary information.

17. Produce all documents, including reports and memoranda, related to any tests, inspection or review performed relating to the design and fabrication of the Tank and any of its component parts.

> **OBJECTION:** The Defendant objects to this Request in that it calls for documents which are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence or which constitutes confidential and/or proprietary information.

18. Produce all internally and externally published advertising or promotional materials, product data sheets, instructions, sales literature relating to the Tank or its product line and the Tank's component parts.

> **OBJECTION:** The Defendant objects to this Request in that it calls for documents which are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence or which constitutes confidential and/or proprietary information.

19. Produce any statement related to the Project, Work, or Tank you have taken, have used, or have had access to.

**OBJECTION**: The Defendant objects to this Request in that it calls for documents which are protected by the attorney client privilege, and as attorney work product.

*[signature]*
MARK W. LEE
DOROTHY A. POWELL

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
2801 Highway 280 South
300 Protective Center
Post Office Box 530630 (35253)
Birmingham, AL 35223-2480
(205) 326-6600

### CERTIFICATE OF SERVICE

I hereby certify that I have on this the 24th day of July, 2006, served a copy of the foregoing via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Mr. E. Mary Rogers
Ms. Rhonda Cavies Andree
Ms. Angela R. Rogers
One Federal Place
1819 Fifth Ave. N.
Birmingham, AL 35203

Mr. Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery AL 36102-2148

*[signature]*
OF COUNSEL