IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO.: 2:06-CV-335-MEF ) |
| AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., | ) ) ) |
| Defendants. | ) |

### DEFENDANT SNYDER INDUSTRIES, INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

COMES NOW Snyder Industries, Inc., one of the Defendants in the above-styled cause, and responds to the Plaintiff's First Request for Production as follows:

By responding to the Plaintiff's First Request for Production of Documents, the Defendant maintains its objections to all discovery requests to the extent they call for the production of information or documents which are privileged or confidential including the attorney-client privilege, the attorney work product privilege, or information prepared in anticipation of litigation, and call for the disclosure of mental impressions, conclusions, or legal theories. The Defendant maintains its objections to all discovery requests to the extent that said discovery requests may be interpreted to call for information which is overly broad and burdensome, vague or ambiguous, immaterial, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and not properly discoverable under

EXHIBIT 6

the *Federal Rules of Civil Procedure*. The Defendant further maintains its objection to the production of documents or internal communications which may be privileged under R 26(b)(2) FRCP.

1. Produce all documents which relate in any way to the project, or the Work, including, without limitation, all pre-bid documents, internal notes, memoranda, calculations, and correspondence.

   **RESPONSE:** Without waiving the previously asserted objections, documents responsive to this Request are produced. There are no documents responsive to the Plaintiff's requests for pre-bid documents.

2. Produce all progress reports, notes, memos to the file, job diaries, calendars, minutes of job progress meetings, inspection reports, test reports, and other documents relating to work performed or to be performed relating to the Project, or the Work, by Snyder and/or any of its subcontractors, vendors, or suppliers, including without limitation the design, fabrication or sale of the Tank.

   **RESPONSE:** Without waiving the previously asserted objections, see Answer to Interrogatory No. 11. Documents which are responsive to this Request are produced.

3. Produce all past reports that relate in any way to the Tank, whether such report was performed by Snyder or some other third party.

   **RESPONSE:** Without waiving the previously asserted objections, see Answer to Interrogatory No. 11.

4. Produce any and all correspondence or communication between you and U.S. Filter, NAWS, or any other related entity, which relates in any way to the Project or the Work.

**RESPONSE**: Without waiving the previously asserted objections, documents which are responsive to this Request are produced.

5. Produce all correspondence or communications between you and Augusta relating in any way to the Project or the Work, including without limitation the tank.

**RESPONSE**: Without waiving the previously asserted objections, documents which are responsive to this Request are produced.

6. Produce any and all documents that relate in any way to the Tank, including without limitation, any of its component parts, and any component parts themselves.

**RESPONSE**: Without waiving the previously asserted objections, documents which are responsive to this Request are produced.

7. Produce any and all documents concerning observation, investigation or analysis of the Tank and its component parts.

**RESPONSE**: Without waiving the previously asserted objections, see Answer to Interrogatory No. 11.

8. Produce any and all documents, including without limitation any correspondence, that relate in any way to the spill that occurred at the project site on or about September 14, 2004.

**RESPONSE**: Without waiving the previously asserted objections, see Answer to Interrogatory No. 11.

9. Produce all documents you intend to or may introduce into evidence during the trial of this Action.

**RESPONSE**: Without waiving the previously asserted objections, documents responsive to this Request are produced. However, discovery is ongoing. The Defendant will comply with any pretrial order entered by the Court with respect to identification of exhibit lists.

10. To the extent not produced in response to any of the foregoing requests, produce all documents which relate in any way to the claims asserted in the Complaint, as it may be amended, or the Cross-Claim against Snyder, as it may be amended.

**RESPONSE**: See Response to No. 9.

11. Produce any and all documents in Snyder's possession, custody or control that relate in any way to the Project, Work or Tank.

**RESPONSE**: See Response to No. 9.

12. Produce any meeting minutes or notes referring or relating to any meeting, whether such meeting was held in person or by electronic means, including, but not limited to, telephone conferences, between Snyder and NAWS, Snyder and Augusta, and/or any representatives thereof regarding or relating to the Project, Work or Tank.

**RESPONSE**: Without waiving the previously asserted objections, documents responsive to this Request are produced.

13. Produce any meeting minutes or notes referring or relating to any meeting, whether such meeting was held in person or by electronic means, including, but not limited to, telephone conferences, between or among any employee or representative of Snyder, regarding or relating to the Project, Work or Tank.

**RESPONSE**: Without waiving the previously asserted objections, documents responsive to this Request are produced.

14. Produce any documents relating in any way to any agreement between Snyder and Augusta regarding work performed by Augusta or Snyder on or for the

Project, including without limitation documents relating to the design, fabrication and sale of the Tank and its component parts.

> **RESPONSE**: Without waiving the previously asserted objections, there are no documents responsive to this Request.

15. Produce any documents relating to Snyder's Quality Assurance and quality Control Programs regarding work performed by Snyder or any third party on or for the Project, including but not limited to the design, fabrication, and sale of the Tank and its component parts.

> **RESPONSE**: Without waiving the previously asserted objections, see the Quality Assurance Manual which has been produced.

16. Produce all shop, manufacturing, and fabrication logs relating to the design, fabrication and sale of the Tank and its component parts.

> **RESPONSE**: Without waiving the previously asserted objections, documents responsive to this Request, other than prints were not maintained.

17. Produce all documents, including reports and memoranda, related to any tests, inspection or review performed relating to the design and fabrication of the Tank and any of its component parts.

> **RESPONSE**: Without waiving the previously asserted objections, see Answer to Interrogatory No. 11.

18. Produce all internally and externally published advertising or promotional materials, product data sheets, instructions, sales literature relating to the Tank or its produce line and the Tank's component parts.

> **RESPONSE**: Without waiving the previously asserted objections, see documents produced.

19. Produce any statement related to the Project, Work, or Tank you have taken, have used, or have had access to.

**RESPONSE**: Without waiving the previously asserted objections, there are no documents responsive to this Request.

_____
MARK W. LEE
DOROTHY A. POWELL

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
2801 Highway 280 South
300 Protective Center
Post Office Box 530630 (35253)
Birmingham, AL 35223-2480
(205) 326-6600

### CERTIFICATE OF SERVICE

I hereby certify that I have on this the ____ day of August, 2006, served a copy of the foregoing via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Mr. E. Mabry Rogers
Ms. Rhonda Andreen
Ms. Angela R. Rogers
One Federal Place
1819 Fifth Ave. N.
Birmingham, AL 35203

Mr. Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery AL 36102-2148

_____
OF COUNSEL