IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO.: 2:06-CV-335-MEF ) ) ) ) ) ) |

**DEFENDANT SNYDER INDUSTRIES, INC.'S OBJECTIONS TO PLAINTIFF'S AMENDED NOTICE TO TAKE THE DEPOSITION OF 30(B)(6) REPRESENTATIVE OF SNYDER INDUSTRIES, INC.**

COMES NOW Snyder Industries, Inc., one of the Defendants in the above-styled cause, and submits the following objections to the Plaintiff's Amended Notice to take the deposition of 30(b)(6) representative of Snyder Industries, Inc. and requests for production of documents served on it pursuant to F.R.C.P. 30(b)(5):

**GENERAL OBJECTIONS**

1. Snyder Industries, Inc. objects to each and every topic designation and request to the extent that they call for information that is beyond the scope of permissible discovery.

2. Snyder Industries, Inc. objects to each and every topic designation and request to the extent they call for information that is subject to the attorney/client

EXHIBIT 8

privilege or any other privilege or the work product doctrine, or call for a response that would require disclosure of the mental impressions, conclusions, or legal theories of Snyder Industries, Inc.'s attorneys and other representatives concerning this litigation.

3. Snyder Industries, Inc. objects to each and every topic designation and request to the extent that they, whether standing alone or taken in conjunction with any other request, are vague or overly broad or are calculated, or would operate, to annoy, embarrass, oppress, unduly burden, or unduly cause expense to Snyder Industries, Inc., or would be unduly vexatious or unduly burdensome to respond to, on the ground that they exceeds the permissible scope of discovery.

4. Snyder Industries, Inc. objects to each and every topic designation and request to the extent they require Snyder Industries, Inc. to testify to or produce documents that are irrelevant to the subject matter or issues of this action and not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that they exceed the permissible scope of discovery.

5. To the extent Snyder Industries, Inc. agrees to respond with testimony or to produce documents in response to any request, Snyder Industries, Inc. does not thereby imply any responsive documents exist and will produce only non-privileged information or documents to the extent such exist and could be located after Snyder Industries, Inc. made a reasonable and good faith effort to review its files and locate such responsive information.

6. By responding Snyder Industries, Inc. does not concede the relevancy or materiality of any deposition topic designated by the Plaintiff or any request, or the subject to which any such discovery request refers. Snyder Industries, Inc.'s response to any deposition topic and/or request is made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege or admissibility as evidence or for any other purpose, of any of the testimony or documents referred to or produced or of the responses given herein, or of the subject matter thereof, in any proceedings (including the trial of this action or in any subsequent proceeding). The responses and production are made subject to Snyder Industries, Inc.'s right to object to any discovery or other proceeding involving or relating to the subject matter of the request to respond to herein.

7. Snyder Industries, Inc. will produce documents as they are maintained during the ordinary course of business. Snyder Industries, Inc. objects to N.A. Water Systems' request that documents be attributed to particular requests.

8. Snyder Industries, Inc. objects to producing electronic data.

9. Snyder Industries, Inc. objects to each and every one of N.A. Water Systems' deposition topics and/or document requests to the extent that they call for the disclosure of proprietary or otherwise confidential information, including but not limited to, trade secrets, marketing analyses, financial information, or other confidential information of Snyder Industries, Inc. Any production of such documents will be made subject to a mutually agreed upon Confidentiality

Agreement to be executed by all the parties in this Action.

10. Insofar as any deposition topics and/or requests seeking information to which the foregoing general objections apply, specification of or failure to note general objections is not a waiver of those or other general objections with respect to any of the requests.

## SPECIFIC OBJECTIONS & RESPONSES

Subject expressly to the foregoing general objections and in addition thereto, Snyder Industries, Inc. specifically objects and/or responds to N.A. Water Systems' respective numbered Requests as follows:

1. All documents requested in N.A. Water Systems, LLC's Request for Production of Documents to Snyder served on June 23, 2006, to the extent the documents have not been produced to N.A. Water Systems, LLC.

> **OBJECTION:** The Defendant adopts all objections previously asserted to each and every Request as well as the objections noted in the Responses to the Requests, and asserts the above objections.

2. All documents in Snyder's 30(b)(6) deponent(s) possession, custody or control that relate in any way to the Project, Work, Tank, any of the claims or cross-claims in this Action or any defenses asserted by Snyder in this Action.

> **OBJECTION:** See Response to No. 1 above. The Defendant further objects to this Request in that it seeks information beyond the scope of Rule 26 of the Federal Rules of Civil Procedure, is overly broad and burdensome, is vague and ambiguous, seeks information which is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence, seeks information which is protected by the attorney client privilege and as attorney work product, and seeks information which was

prepared in anticipation of litigation.

3. All documents by and between Snyder and its insurance carrier related to the incident made the basis of this litigation.

**OBJECTION:** The Defendant objects to this Request in that it seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence, seeks information beyond the scope of Rule 26 of the Federal Rules of Civil Procedure, and seeks information which is protected by the attorney client privilege, seeks information prepared in anticipation of litigation, seeks work product, and seeks information which is protected from disclosure pursuant to Rule 26(b)(2) FRCP.

MARK W. LEE
DOROTHY A. POWELL

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
2801 Highway 280 South
300 Protective Center
Post Office Box 530630 (35253)
Birmingham, AL 35223-2480
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 22nd day of August, 2006, served a copy of the foregoing via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Mr. E. Mary Rogers
Ms. Rhonda Cavies Andree
Ms. Angela R. Rogers
One Federal Place
1819 Fifth Ave. N.
Birmingham, AL 35203

Mr. Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery AL 36102-2148

_____
OF COUNSEL