

**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP

ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2119
205.521.8000    FAX 205.521.8800
WWW.BRADLEYARANT.COM

Rhonda C. Andreen

Direct Dial: (205) 521-8683
Direct Fax: (205) 521-8800
randreen@bradleyarant.com

September 1, 2006

**VIA FACSIMILE, EMAIL and U.S. MAIL**

Dorothy A. Powell, Esq.
Parsons, Lee & Juliano, P.C.
Post Office Box 530630
Birmingham, AL 35253-0630

Re:    *N.A. Water Systems v. Augusta Fiberglass, et al.*

Dear Dorothy:

During the Oltman deposition on August 31, it was testified that the following items exist, but were not produced. Please produce them immediately:

(1)    The report or notes made by Snyder's employee (his name is Cullen Estes) on or about September 20, 2004, about his investigation of the incident and the tank that leaked; Mr. Lee during the deposition stated it had been produced (in the exchange when he stated Mr. Rogers had not reviewed the documents), but it has not been produced as Mr. Lee later admitted on the record we believe;

(2)    The transmittal sheet (or email) by Snyder sending the results of the shop test by Snyder of the tank at issue to Augusta Fiberglass, Core-B or any other entity or individual;

(3)    Mr. Oltman's copy of the document marked as Exhibit 33 to his deposition;

(4)    The MRP information related to the failed tank and any of its component parts;

(5)    All other electronic information stored in Snyder's tracking system regarding the failed tank and any of its component parts;

(6)    Mr. Oltman's copy of the CEI report;

(7)    The Snyder-AFC distributorship agreement in effect in 2003 and in 2004 (while it was not directly described by name, any other parts or amendments to the agreement, such as, for example only, the agreement, if any, for Snyder to affix AFC's nameplate to tanks fabricated by Snyder);

EXHIBIT 12

Dorothy A. Powell, Esq.
September 1, 2006
Page 2

    (8)    Mr. Oltman's written (electronic or paper) documents regarding his study and determinations regarding the glue used on the Snyder-fabricated flange adapter;

    (9)    All Snyder drawings regarding the failed tank or any of its components, including but not limited to prior versions of any and all final drawings;

    (10)    All Snyder insurance policies applicable or possibly applicable to the incident (You asked for the Federal Rule requiring this disclosure: Please see Rule 26(a)(1)(D);

    (11)    Snyder's internal hydrotest procedure;

    (12)    Snyder's Inspection Guidelines as referenced by Mr. Russ McDonald;

    (13)    Shop Packet for the failed tank and any of its component parts;

    (14)    Bill of Material for the failed tank, listed as Item 8210-45 on Exhibit 25 to Mr. Oltman's deposition;

    (15)    Final Inspection Criteria for the failed tank, and any of its component parts.

We do not recall asking for any items that were not covered by the document requests, and we believe that the transcript will show that each of the above documents exists and was not produced.

I recall several request items made to me during the deposition of Jerry Wolfe and perhaps there were some requests made during the deposition of Mr. Oltman (either on or off the record). Will you remind me of each of those in writing? I will then attempt to locate any such item or take any appropriate action, once I have received your written request.

Once the Oltman and Wolfe deposition transcripts become available, we may supplement this list.

                                                                              Very truly yours,

                                                                              Rhonda C. Andreen

RRCA/rbs

cc:    Jack Owen, Esq.
        E. Mabry Rogers, Esq.