# PARSONS, LEE & JULIANO, P. C.

ATTORNEYS AT LAW
300 PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
BIRMINGHAM, ALABAMA 35223-2480

TELEPHONE 205-326-6600
FACSIMILE 205-324-7097

ROBERT E. PARSONS
JASPER P. JULIANO
MARCUS W. LEE
MARDA W. SYDNOR +
DAVID A. LEE
DEBORAH ANN WAKEFIELD
DOROTHY A. POWELL *
JOHN M. BERGQUIST
PAUL J. DeMARCO
JAMES A. WYATT, III
PAUL M. JULIANO

+ ALSO ADMITTED IN VIRGINIA
* ALSO ADMITTED IN MISSISSIPPI

MAILING ADDRESS:
POST OFFICE BOX 530630
BIRMINGHAM, ALABAMA 35253-0630
TAX I.D. #63-0922938

www.pljpc.com

September 8, 2006

**VIA E-MAIL**
Ms. Rhonda C. Andreen
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue, N.
Birmingham, AL 35203

Re:   N.A. Watersystems, LLC v. Snyder Industries, et al.
      Our File:   138-1

Dear Rhonda:

I am in receipt of your letter of September 1, 2006. In response to No. 1, as I recall, Mark Lee stated during the deposition that a document had been produced which identified the date on which Cullen Estes visited the Hyundai plant. One such document was thought by Mark to be Gary Ahren's letter dated February 21, 2005, which is Bates Stamp #122. As Mark later corrected during the deposition, while this document did not contain the date of the visit, it does reference the plant visit by Mr. Estes.

However, as you also know, another document has been produced in the litigation which does state the exact date on which Cullen Estes came to the Hyundai plant. This is the September 23, 2004 letter from David Choate to Thomas (D.Y.) Chang. This document contains Bates Stamp #N001_00253-N001_00256. This document was also produced by my office to you, and contains Bates Stamp 138-1) Hyundai Docs. 00008-00011.

EXHIBIT 13

Ms. Rhonda Andreen
September 8, 2006
Page Two

In response to No. 10, I will supplement my Rule 26 disclosures in accordance with the Federal Rules of Civil Procedure.

With respect to No. 14, I do not see in any bill of material which was produced by Snyder with an Item 8210-45. If you will identify the Bates Stamp number, I will review this request.

With regard to items 7 and 8, these are clearly beyond the subject of Plaintiff's request for production.

In response to the remainder of your requests, I will review these requests with the prior Requests for Production of Documents served by your office, and, if necessary, with the pertinent sections of the deposition transcript and respond accordingly.

As for the documents requested during Mr. Wolfe's deposition, as I recall, we requested the following documents:

1. The missing field reports for September 14-19, 2004, which Mr. Rogers stated in the deposition of Darrell Oltman do not exist. If they do not exist, please so state in a formal response.

2. Drawings of the configuration of the connection of the component parts (level transmitter, valve, strut, etc.) at or near the area of failure which was attached by your client and/or Harbert at or near the failure. This would include any drawings to show whether the piping connections at or near the point of failure were flexible or rigid.

3. Any mechanical, process, instrumentation and/or detail drawings related to the tank and/or any of its component parts.

4. The document referred to in the deposition as Dave Parker's Report.

There may be other documents which were requested in the deposition, but are not indicated in my notes, and I also will supplement this request if necessary once the transcript is provided to my office.

We would like to depose Rey Six and David Choate, and possibly Dave Parker. To the extent any of these individuals no longer are employed by your client, please

PARSONS, LEE & JULIANO, P. C.

Ms. Rhonda Andreen
September 8, 2006
Page Three

advise if you can make them available and if they will be produced for deposition in Birmingham so that we may coordinate dates for these depositions.

Very truly yours,

PARSONS, LEE & JULIANO, P.C.

Dorothy A. Powell

DAP/sph