# PARSONS, LEE & JULIANO, P. C.

ATTORNEYS AT LAW
300 PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
BIRMINGHAM, ALABAMA 35223-2480

TELEPHONE 205-326-6600

FACSIMILE 205-324-7097

ROBERT E. PARSONS
JASPER P. JULIANO
MARCUS W. LEE
MARDA W. SYDNOR+
DAVID A. LEE
DEBORAH ANN WAKEFIELD
DOROTHY A. POWELL*
JOHN M. BERGQUIST
PAUL J. DeMARCO
JAMES A. WYATT, III
PAUL M. JULIANO

+ALSO ADMITTED IN VIRGINIA
*ALSO ADMITTED IN MISSISSIPPI

MAILING ADDRESS:
POST OFFICE BOX 530630
BIRMINGHAM, ALABAMA 35253-0630
TAX I.D. #63-0922938

www.pljpc.com

September 15, 2006

**VIA FACSIMILE**
Ms. Rhonda C. Andreen
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue, N.
Birmingham, AL 35203

      Re:   N.A. Watersystems, LLC v. Snyder Industries, et al.
            Our File:   138-1

Dear Rhonda:

    Because I have been dealing with you in this case as opposed to Mr. Rogers, this letter is addressed to you and follows our discussions of September 13, 2006. As I advised, I am in receipt of the motion to compel which was filed by your office at 6:00 p.m. on September 12, 2006. Quite frankly, I am surprised that your office has filed this motion given that I wrote you on Friday, September 8, 2006, advised that I would amend the Rule 26 disclosures filed by Snyder Industries, Inc., and advised:

> In response to the remainder of your requests, I will review these requests with the prior Requests for Production of Documents served by your office, and, if necessary, with the pertinent sections of the deposition transcript and respond accordingly.

    The fact that your office would file a motion to compel only two business days after receiving this letter from me, and only two business days after we both received the transcript of a 7 hour and 352 page deposition is very discouraging. This is

EXHIBIT 14

Ms. Rhonda C. Andreen
September 15, 2006
Page 2

particularly frustrating given the fact that I left you a voice mail on Tuesday, September 12, 2006. I was told that although you were out of the office that day, that you would be checking your voice mail. Therefore, I presume you received my message which asked you to contact me on Wednesday, September 13th. In light of the pending voice mail, and in light of my letter to you of September 8, 2006, your office opted to prematurely involve the Court.

I am also extremely surprised by the affidavit filed in support of the motion in which the following matters are represented to the Court:

> During the deposition of 30(b)(6) deposition [sic] of Snyder, Snyder would not allow any inquiry regarding insurance matters. . . .

Please point out the pages in the deposition where Mr. Oltman refused to answer or was instructed not to answer any question regarding any insurance matter. I am at a loss as to the basis for this representation made by your office. I am also at a loss over the following statement made in the affidavit:

> At Snyder's 30(b)(6) deposition, Snyder's counsel stated that the report had been produced.

As I accurately stated in my letter to you of September 8, 2006:

> . . . as I recall, Mark Lee stated during the deposition that a document had been produced which identified the date on which Cullen Estes visited the Hyundai plant. One such document was thought by Mark to be Gary Ahren's letter dated February 21, 2005, which is Bates Stamp #122. As Mark later corrected during the deposition, while this document did not contain the date of the visit, it does reference the plant visit by Mr. Estes.

Therefore, it is extremely surprising to me that this testimony was filed with the Court, particularly as my review of the transcript evidences that my representation of the exchange is correct. Please provide me with the pages in the deposition which support the testimony that "Snyder's counsel stated that the report had been produced," as I have found no such statement made in the deposition by either Mark Lee or me, and the pages cited in the affidavit testimony do not support this representation to the parties and to the Court.

Ms. Rhonda C. Andreen
September 15, 2006
Page 3

Finally, as we discussed, I confirmed with Barbara Wells, Judge Fuller's clerk, that the discovery deadline in this case is April 12, 2007. Therefore, any statements made in the documents filed by your office on September 12, 2006, that the discovery deadline is October 15, 2006, are incorrect. I have advised that I am producing additional documents which are the subject of some of the matters made the basis of the Plaintiff's Motion to Compel, and have requested that you advise the Court that some of these matters may be resolved.

While there may be some matters that certainly may need to be resolved by the Court, I think it is clearly in everyone's best interest that we resolve these matters without involving the Court, particularly where it was clear in my letter to you, a copy of which was not provided to the Court with the Motion filed on September 12, 2006, that I was reviewing the requests made in your September 1, 2006 letter.

Finally, by letter dated June 19, 2006, a copy of which is attached, I requested that you produce the documents identified in your client's Rule 26 disclosures. I received no response. By letter dated August 24, 2006, a copy of which is attached, I requested that you advise whether N.A. Water Systems has produced all documents identified in its Rule 26 disclosures, and all non-privileged documents in response to Snyder's Requests for Production. You left me a voice mail which stated that you had produced everything that had been given to you by your client. Your voice mail did not respond to the question. I am again asking you to respond in writing to the following questions: (1) Has your client produced all documents identified in its Rule 26 disclosures? (2) Has your client produced all documents responsive to the requests for production served by Snyder, with the exception of documents on your privilege log? I would also like you to confirm that your client has produced all documents requested in the 30(b)(5) & (6) deposition notice of N.A. Water Systems. As I recall in the deposition, you represented that you had produced all the documents that your client had made available to you that were responsive to the requests. That again, does not answer the question.

If any document has been withheld that is not on your privilege log, then please identify the request, the reason why the document was withheld and provide sufficient information to my office about the document(s) so that we may assess the basis for withholding the document(s) and determine whether we should seek Court intervention.

Additionally, if it is your position that any documents that are not on a privilege log are subject to waiver of the privilege, then you need to re-examine your privilege

Ms. Rhonda C. Andreen
September 15, 2006
Page 4

log, and documents that have been redacted and/or not produced by you. If you continue to assert this position, then I expect you to immediately produce documents in their entirety which have been redacted and/or not produced to my office which are not on your privilege log. We will also make an assessment, upon receipt of the documents which are not on the privilege log, and which have not been produced, as to whether we will request another deposition of a 30(b)(6) representative of N.A. Water Systems at your client's expense.

Finally, I received an e-mail from you on Monday, September 11, 2006 at 5:22 p.m. indicating that you had just left a voice mail and that your office was cancelling the depositions scheduled in South Carolina. Please note that I had just made reservations that day and had a non-refundable ticket. In the event that my office does not use this ticket in this litigation, please be advised that my client will be seeking reimbursement for this expense.

I look forward to hearing from you.

Very truly yours,

PARSONS, LEE & JULIANO, P.C.

*[signature: Dorothy A. Powell]*

Dorothy A. Powell

DAP/sph
Attachments
cc:   Mr. E. Mabry Rogers (via facsimile)(w/attachments)

## PARSONS, LEE & JULIANO, P. C.

ATTORNEYS AT LAW
300 PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
BIRMINGHAM, ALABAMA 35223-2480

TELEPHONE 205-326-6600
FACSIMILE 205-324-7097

ROBERT E. PARSONS
JASPER P. JULIANO
MARCUS W. LEE
MARDA W. SYDNOR †
DAVID A. LEE
DEBORAH ANN WAKEFIELD
DOROTHY A. POWELL*
JOHN M. BERGQUIST
PAUL J. DeMARCO
JAMES A. WYATT, III
PAUL M. JULIANO

† ALSO ADMITTED IN VIRGINIA
* ALSO ADMITTED IN MISSISSIPPI

MAILING ADDRESS:
POST OFFICE BOX 530630
BIRMINGHAM, ALABAMA 35253-0630
TAX I.D. #63-0922938

www.pljpc.com

June 19, 2006

**VIA FACSIMILE**
Ms. Rhonda C. Andreen
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue, N.
Birmingham, AL  35203

  Re: N.A. Watersystems, LLC,  v. Snyder Industries, et al.
     Our File: 138-1

Dear Rhonda:

  Please produce copies of the documents identified in your client's Rule 26 Disclosures. I appreciate your immediate response.

       Very truly yours,

     PARSONS, LEE & JULIANO, P.C.

       Dorothy A. Powell

DAP/sph

# PARSONS, LEE & JULIANO, P. C.

ATTORNEYS AT LAW
300 PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
BIRMINGHAM, ALABAMA 35223-2480

TELEPHONE 205-326-6600
FACSIMILE 205-324-7097

ROBERT E. PARSONS
JASPER P. JULIANO
MARCUS W. LEE
MARDA W. SYDNOR +
DAVID A. LEE
DEBORAH ANN WAKEFIELD
DOROTHY A. POWELL *
JOHN M. BERGQUIST
PAUL J. DeMARCO
JAMES A. WYATT, III
PAUL M. JULIANO

+ ALSO ADMITTED IN VIRGINIA
* ALSO ADMITTED IN MISSISSIPPI

MAILING ADDRESS:
POST OFFICE BOX 530630
BIRMINGHAM, ALABAMA 35253-0630
TAX I.D. #63-0922938

www.pljpc.com

August 24, 2006

**VIA FACSIMILE**
Ms. Rhonda C. Andreen
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 Fifth Avenue, N.
Birmingham, AL 35203

Re:  N.A. Watersystems, LLC v. Snyder Industries, et al.
Our File:  138-1

Dear Rhonda:

I have previously requested on two occasions that N.A. Water Systems produce the documents identified in its Rule 26 disclosures. Although I have received documents produced with Mr. Rogers' correspondence of July 17, 2006, it is unclear to me whether you have produced all of the documents identified in the Rule 26 disclosures. If you have not produced those documents, please do so immediately in order that we may have them in preparation for the depositions next week.

It is also unclear to me whether N.A. Water Systems has produced all documents responsive to the Requests for Production filed by Snyder, as Mr. Rogers' July 17 correspondence states: "enclosed are production documents," but the written responses served by the Plaintiff state: "Water Systems will produce non-privileged documents deemed responsive to this request at a mutually convenient time and place."

Please advise whether N.A. Water Systems has produced all documents identified in its Rule 26 disclosures, and all non-privileged documents in response to Snyder's Requests for Production.

```
```
Ms. Rhonda C. Andreen
August 24, 2006
Page 2

   Additionally, although you indicated that you wanted a confidentiality order with respect to certain photographs from Hyundai Motor Manufacturing, I have never been provided with any proposed confidentiality order. Therefore, I have taken the liberty of preparing the attached motion and order for your review. I would like to get this filed today so that I may have any photographs or other documents, which have not been produced by your client because your client wanted a confidentiality order.

   I would like all of the documents and information that has not been produced as of this date produced to my office by Monday morning. I look forward to hearing from you.

                              Very truly yours,

                              PARSONS, LEE & JULIANO, P.C.

                              *[signature]*

                              Dorothy A. Powell

DAP/sph
Attachment

Ms. Rhonda C. Andreen
August 24, 2006
Page 2

    Additionally, although you indicated that you wanted a confidentiality order with respect to certain photographs from Hyundai Motor Manufacturing, I have never been provided with any proposed confidentiality order. Therefore, I have taken the liberty of preparing the attached motion and order for your review. I would like to get this filed today so that I may have any photographs or other documents, which have not been produced by your client because your client wanted a confidentiality order.

    I would like all of the documents and information that has not been produced as of this date produced to my office by Monday morning. I look forward to hearing from you.

                  Very truly yours,

                  PARSONS, LEE & JULIANO, P.C.

                  *[signature: Dorothy A. Powell]*

                  Dorothy A. Powell

DAP/sph
Attachment