IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., <br><br> Defendants. | CIVIL ACTION NO.: 2:06-CV-335-MEF |

### AMENDED NOTICE TO TAKE THE DEPOSITION OF 30(b)(5)&(6) REPRESENTATIVE OF N.A. WATER SYSTEMS, LLC AND REQUEST FOR PRODUCTION OF DOCUMENTS

Please take notice that pursuant to Federal Rules of Civil Procedure (30)(b)(5) and (6), on the date and at the time and place indicated below, the Defendant, Snyder Industries, Inc., will take the depositions upon oral examination of the persons named. The depositions will be taken for purposes of discovery or for use as evidence in this action pursuant to the Federal Rules of Civil Procedure. The depositions will be taken before a court reporter and/or some other officer authorized by law to administer oaths. The depositions will continue from hour to hour and day to day until completed. You are invited to attend the depositions and examine the witnesses as you see fit.

DEPONENT(S):   30(b)(5)&(6) representative of N.A. Water Systems, LLC, assuccessor by merger to USFilter Engineering & Construction, Inc.



DEFENDANT'S EXHIBIT 5 Wolfe

**DATE:**          August 30, 2006

**TIME:**          9:00 a.m.

**PLACE:**         Parsons, Lee & Juliano, P.C.
                   300 Protective Center
                   2801 Highway 280 South
                   Birmingham, AL 35223

Pursuant to Rule 30(b)(6), the Plaintiff is requested to designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf with respect to the following matters:

1. Testimony regarding the claims asserted against all Defendants in this case.

2. Testimony regarding the alleged incident made the basis of the Plaintiff's Complaint.

3. Testimony regarding the purchase, installation, testing, failure to test, and operation of the product made the basis of the Plaintiff's Complaint.

4. Testimony regarding the damages alleged in this case.

5. Testimony regarding inspections, examinations, tests, and analyses (including the results thereof), that were performed by and/or for you on the subject tank, and/or any of its component parts, made the basis of this litigation.

6. Testimony regarding any communications with any other entity regarding the date the tank and waste water treatment system were to be operational.

7. Testimony regarding any communications by and between the Plaintiff and the Defendants in this case.

8. Testimony regarding any warnings or instructions which were or were not provided with the tank which the Plaintiff contends should have been provided.

9. Testimony regarding the documents requested below.

10. Testimony regarding the Plaintiff's Answers to Interrogatories propounded by Snyder Industries, Inc.

11. Testimony regarding any communications between the Plaintiff and other entity regarding the tank and any of its component parts.

12. Testimony regarding the Plaintiff's compliance with manufacturing guidelines and instructions regarding the product made the basis of the complaint.

Pursuant to Rule 30(b)(5), the deponent(s) is requested that at the time and place of taking the said deposition(s), deponent(s) produce for inspection and copying a copy of the following documents:

1. Produce any and all documents that relate in any way to the product made the basis of the complaint, including without limitation, any of its component parts, and any component parts themselves.

2. Produce any and all communications, whether in electronic format, tape recordings or documents, between Plaintiff and other entity regarding the tank, spill and alleged damages claimed in this case.

3. Produce all documents, including but not limited to investigative reports, notes, memoranda, summaries, e-mails, and/or records and written material of any kind or description regarding the tests performed by you on the product made the basis

3

of the complaint prior to the date of the spill.

4. Produce all documents, including but not limited to investigative reports, notes, memoranda, summaries, e-mails, and/or records and written material of any kind or description concerning the incident that is the subject of this lawsuit, this action or its subject matter, prepared, obtained, or otherwise in the possession, custody or control of you and/or your attorneys, investigators, adjusters, insurers and/or any agents or representatives.

5. All documents relating to, pertaining to, and/or referring in any way to any inspections, examinations, tests, and analyses (including the results thereof), that were performed by and/or for you on the subject tank, and/or any of its component parts, made the basis of this litigation.

6. All documents which support the Plaintiff's claim that the tank made the basis of this suit was defective or unreasonably dangerous as is alleged in the Complaint.

7. Copies of any and all statements made by any employee, agent or representative of any Defendant or Hyundai Motor Manufacturing of Alabama to anyone relating to the incident or claims made the basis of this suit.

8. Copies of any and all statements made by any witness relative to the incident or claims made the basis of this suit.

9. Invoices representing any and all expenses incurred by or on behalf of the Plaintiff subsequent to and as a result of the incident or claims made the basis of this

suit.

10. Copies of any and all photographs, records, or videotapes in the possession of the Plaintiff or any representative of the Plaintiff relevant to the incident or claims made the basis of this suit.

11. All documents, including but not limited to investigative reports, notes, memoranda, summaries, e-mails, and/or records and written material of any kind or description by and between the Plaintiff and any Defendant to this litigation.

12. All documents, including but not limited to investigative reports, notes, memoranda, summaries, e-mails, and/or records and written material of any kind or description by and between the Plaintiff and Hyundai Motor Manufacturing of Alabama regarding the incident made the basis of the Plaintiff's Complaint.

13. All documents, including but not limited to investigative reports, notes, memoranda, summaries, e-mails, and/or records and written material of any kind or description by and between the Plaintiff and Hyundai Motor Manufacturing of Alabama regarding the use and operation of the tank that is the subject of this litigation.

14. All documents, including but not limited to investigative reports, notes, memoranda, summaries, e-mails, and/or records and written material of any kind or description pertaining to any deadlines set by Hyundai Motor Manufacturing of Alabama with respect to the use and operation of the tank that is the subject of this litigation.

15. All documents, including but not limited to investigative reports, notes,

memoranda, summaries, e-mails, and/or records and written material of any kind or description regarding the purchase, installation, testing and use of the tank and/or any of its component parts that is the subject of this litigation.

16. All documents, including but not limited to investigative reports, notes, memoranda, summaries, e-mails, and/or records and written material of any kind or description regarding the post-installation, testing and use of the tank and/or its component parts that is the subject of this litigation.

17. All documents, including but not limited to investigative reports, notes, memoranda, summaries, e-mails, and/or records and written material of any kind or description regarding the omission or alteration of any recommended installation and testing of the tank and/or its component parts that is the subject of this litigation.

18. All accident or incident reports in your custody or control of you and/or your attorneys, investigators, adjusters, insurers and/or any agents or representatives regarding the incident made the basis of the Plaintiff's Complaint.

19. All documents, including but not limited to investigative reports, notes, memoranda, summaries, e-mails, and/or records and written material of any kind or description by and between the Plaintiff and any insurer with respect to the incident made the basis of the Plaintiff's Complaint.

20. Copies of any and all statements in your custody or control of you and/or your attorneys, investigators, adjusters, insurers and/or any agents or representatives.

_____
Mark W. Lee
Dorothy A. Powell

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
2801 Highway 280 South
300 Protective Center
Post Office Box 530630
Birmingham, AL 35253-0630
(205) 326-6600

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 11th day of August, 2006, served a copy of the foregoing via United States mail, postage prepaid and properly addressed on counsel for all parties as follows:

Mr. E. Mabry Rogers
Ms. Rhonda Caviedes Andreen
Ms. Angela R. Rogers
One Federal Place
1819 Fifth Ave. N.
Birmingham, AL 35203

Mr. Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery AL 36102-2148

_____
Of Counsel