
EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISIONS

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., <br><br> Defendants. | CIVIL ACTION NUMBER: 2:06-CV-325-MEF |

## NOTICE TO TAKE THE DEPOSITION OF 30(b)(6) REPRESENATIVE OF AUGUSTA FIBERGLASS COATINGS, INC.

Please take notice that pursuant to Federal Rules of Civil Procedure 30(b)(5) and (6), on the date and at the time and place indicated below, the Plaintiff, N.A. Water Systems, LLC, will take the depositions upon oral examination of the persons named. The depositions will be taken for purposes of discovery or for use as evidence in this action pursuant to the Federal Rules of Civil Procedures. The depositions will be taken before a court reporter and/or some other officer authorized by law to administer oaths. The depositions will continue from hour to hour and day to day until completed. You are invited to attend the depositions and examine the witnesses as you see fit.

**DEPONENT(S):** 30(b)(6) representative of Augusta Fiberglass Coatings, Inc.
**DATE:** Thursday, August 31, 2006
**TIME:** 10:00 a.m.
**PLACE:** Bradley Arant Rose & White LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama  35203

1/1470839.1

1

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.  The term **"Water Systems"** shall mean N. A. Water Systems, LLC, together with its officers, directors, agents, employees, representatives and consultants. These terms shall be deemed to include all predecessor corporations, including, without limitation US Filter.

B.  The term **"Snyder"** shall mean Snyder Industries, Inc., including all current and former officers, agents, employees, representatives, consultants and attorneys of Snyder Industries, Inc.

C.  The term **"Augusta,"** shall mean Augusta Fiberglass Coatings, Inc., including all current and former officers, agents, employees, representatives, consultants and attorneys of Augusta Fiberglass Coatings, Inc.

D.  The words **"document"** and **"documents"** as used herein shall mean all written, recorded, electronically generated or stored, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleys, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, witness statements, findings of

investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, e-mails (with all attachments), computer disks, CAD, all records kept by electronic, photographical, or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing, of any kind or character in your possession, custody or control or known by you to exist.

E. The term **"Purchase Order"** refers to the agreement, including but not limited to, Purchase Order Number 7041-01-009 and all other documents cited, referenced or otherwise incorporated into the agreement, entered into on or about August 21, 2003, and issued by US Filter to Augusta.

F. The term **"the Tank"** refers to the 5,000 gallon capacity polyethylene tank manufactured by Snyder and sold to US Filter by Augusta, pursuant to the Purchase Order.

G. **"Action"** means the civil action, 2:06-CV-335, commenced by Water Systems against Augusta and Snyder.

H. The term **"Project"** refers to the design and construction of the wastewater treatment system at the Hyundai Plant in Montgomery County, Alabama, including the design, procurement and installation of the tank.

I. **"Work"** means any or all of the labor, supervision, or services performed for the Project, whether by Augusta or Snyder or others.

J. The term **"Complaint"** refers to the complaint filed by Water Systems in the above-styled action.

1/1470839.1

3

Pursuant to Rule 30(b)(6), Augusta Fiberglass Coatings, Inc. is requested to designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf with respect to the following matters:

1. The claims or cross-claims asserted against and defenses claimed by Augusta in this litigation.

2. The alleged made the basis of Water Systems' Complaint.

3. The design, manufacture, testing, inspection, shipping, sale or operation of the Tank, and/or any of its component parts made the basis of Water Systems' Complaint.

4. Augusta's quality control or quality assurance manuals for its fabrication work.

5. Any and all damages alleged this litigation.

6. Inspections, examinations, tests, and analyses (including the results thereof), that were performed by and/or for you on the subject tank, and/or any of its component parts, made the basis of this litigation, before or after the incident made the basis of Water Systems' Complaint.

7. Any communications with Snyder as to the design, sale, shipment, installation, testing, and use of the tank, and/or any of its component parts made the basis of this litigation.

8. Any communications by and between Augusta, Snyder, or Water Systems in this case.

9. Any warnings or instructions concerning the Tank, and/or any of its component parts made the basis of this litigation.

10. The documents requested below.

11. Augusta's Answers to Interrogatories propounded by Water Systems.

Pursuant to Rule 30(b)(5), the deponent(s) is requested that at the time and place of taking the said deposition(s), deponent(s) produce for inspection and copying the following documents:

1. All documents requested in N.A. Water Systems, LLC's Request for Production of Documents to Augusts served on June 23, 2006, to the extent the documents have not been produced to N.A. Water Systems, LLC.

2. All documents in Augusta's 30(b)(6) deponent(s) possession, custody or control that relate in any way to the Project, Work, Tank, any of the claims or cross-claims in this Action or any defenses asserted by Augusta in this Action.

3. All documents that relate in any way to the testing, shop testing, shop test procedures, or inspection of the tanks fabricated by Augusta and supplied to the Project pursuant to the Purchase Order.

4. All documents by and between Augusta and its insurance carrier related to the incident made the basis of this litigation.

Respectfully submitted,

/s/ Rhonda C. Andreen
Attorney for N.A. Water Systems, LLC

OF COUNSEL:
BRADLEY ARANT ROSE & WHITE LLP
E. Mabry Rogers, Esq. (ROG005)
Rhonda Caviedes Andreen (CAV008)
Angela R. Rogers (RAI 017)
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

1/1470839.1                    5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on:

Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com

Dorothy A. Powell, Esq.
Parsons, Lee & Juliano, P. C.
300 Protective Center
2801 Highway 280 South
Birmingham, AL 35223-2480
Email: dpowell@pljpc.com

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this ___19th___ day of July, 2006.

_____
OF COUNSEL