## Jack Owen

| | |
|---|---|
| **From:** | "Jack Owen" <ccowen@ball-ball.com> |
| **To:** | "Rogers, E. Mabry" <mrogers@bradleyarant.com> |
| **Sent:** | Friday, September 01, 2006 3:31 PM |
| **Subject:** | Re: Water Systems vs. Augusta and Snyder |

EXHIBIT P

I will review your position with my client and advise.

The comments of the last paragraph of your letter assume misconduct on my part, and appear to be a continuation of the accusatory tone that developed during the Oltman deposition. I will respond appropriately and will appreciate your withholding judgment until you are a bit better informed of the facts related to the responses I made on behalf of my client. None of this is necesasary to a resolution of disagreements on such matters.

Jack Owen
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 (fax)

NOTE: This is a confidential communication and may contain privileged and/or confidential information. If you are not the intended recipient, please delete this message and attachments, and do not read, copy, retain or disseminate the message or any attachment. If you have received this communication in error, please notify us immediately. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.

> ----- Original Message -----
> **From:** Rogers, E. Mabry
> **To:** ccowen@ball-ball.com
> **Cc:** dpowell@plipc.com ; Andreen, Rhonda C. ; Smith, Becky
> **Sent:** Friday, September 01, 2006 3:10 PM
> **Subject:** Water Systems vs. Augusta and Snyder
>
> Dear Jack:
>
> In reply to your Objection to the Second Amended Deposition Notice of Augusta's 30 b 6 representative, dated August 29, please let me know if we can meet and confer about your objections today.
>
> The items objected to in your Paragraph 1 is relevant, and at least likely to lead to relevant evidence regarding the tank which failed and caused a catastrophic loss of sulfuric acid. The tank had an Augusta nameplate on it, and it is governed by an Augusta submittal regarding, among other things, Augusta's testing program. The tank is also subject to the terms and conditions of the contract between Augusta and Water Systems, which calls for quality control and quality assurance by Augusta as to the 5 tank systems purchased.
>
> The items objected to in your Paragraph 2 are relevant, if I understand the objection, for the reasons set forth in the preceding paragraph. Even if Augusta applied different and inconsistent standards (quality, testing, or any other standard) to the tanks it supplied, that fact too is relevant, or likely to lead to relevant evidence.
>
> The items objected to in your Paragraph 3 are relevant. Moreover, you have waived any privilege that might have applied. No privilege applies to such communications. Moreover, your cover letter of August 4 affirmatively represents that your client withheld no documents of any kind based on any objections. It now appears that your

9/1/2006

client withheld documents but planned not to disclose the withholding of relevant evidence.

I will call you at 4 pm today to discuss your objections.

E. Mabry Rogers
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2104
emr@bradleyarant.com
www.bradleyarant.com
Phone:  (205) 521-8225
Fax:  (205) 521-8800

9/1/2006