Page 1 of 4

## Jack Owen

**From:** "Jack Owen" <ccowen@ball-ball.com>
**To:** "Rogers, E. Mabry" <mrogers@bradleyarant.com>
**Sent:** Friday, September 01, 2006 6:45 PM
**Subject:** Re: Water Systems vs. Augusta and Snyder

EXHIBIT R

tabbies

Dear Mabry:

Please consider the following:

1. I have reviewed the June 23, 2006, Request for Production sent to me by Mrs. Andreen. I am unable to identify any of the 16 listed items of the request that would call for production of communications between Augusta Fiberglass Coatings and its insurer or representatives of its insurer. Indeed such a request is out of the ordinary in my experience.

2. My August 4, 2006, letter, to which you refer, accompanied my service of AFC's Answers to NAWS' Interrogatories and separately stated Objections. None of the interrogatories, as I read them, asked me to disclose information exchanged between AFC and its insurers.

3. Item 2, above, is also the reason that I wrote on August 4, in reference to our answers to NAWS' Interrogatories, not its Request for Production, that I did not think that I had withheld any information in reliance on the objections. This also is the obvious reason that no privilege log was submitted.

4. Because of Item 1, above, when I served AFC's Response to NAWS' Request for Production, and separatelystated Objections, on August 9, 2006, there was no need to pose an objection based on information solicited that is in anticipation of litigation or for trial, which I consider to include communications between AFC and its insurer. Also, of course, there was no need to submit a privilege log. You should conclude from this that I provided to you, on behalf of my client, what I believed to be all of AFC's documents responsive to NAWS' Request for Production.

5. However, because I can overlook things, upon further review of NAWS' Request for Production, I see that Item 2 asks for all documents related to the "Project," which Mrs. Andreen defined to include the entire wastewater treatment project at Hyundai. We did supply other tanks to the Project, as to which there is no issue, and thus as to which the document request seeks irrelevant information, and information not reasonably calculated to lead to the discovery of relevant information. We will amend our Response to that item to so state. Please allow some time for such, as few of our staff work after hours on a holiday weekend. There is no question that Snyder, not AFC, manufactured the sulfuric acid tank. Mr. Oltman's deposition testimony is unnecessary proof. In fact, Mrs. Andreen's definitions in her June 23, 2006, Request for Production to AFC, and no doubt elsewhere, defines the "tank" as "the 5,000 gallon capacity polyethylene tank manufactured by Snyder and sold to U. S. Filter pursuant to the Purchase Order." No one disputes this. The question of the wording on the nameplate on the tank is certainly fair subject for inquiry, but it will not lead to the discovery that Augusta manufactured the tank. I suspect you realize this, and have already, likely correctly, concluded the facts related to the nameplate. The nameplate does not make relevant AFC's production and quality control methods related to tanks that it did manufacture, which are not at issue in this case. If you are inclined to pursue this, I am willing to consider why you think such documents are discoverable.

6. Because NAWS never requested production of documents in the nature of communications between AFC and its insurers, until the Deposition Notice for AFC's Rule 30 (b)(5) witness, I saw no need to pose an objection to the information sought to be produced related to such. Accordingly, I consider our Objections stated on August 29, 2006, to be timely. I see no waiver.

7. As to the statement in the last paragraph of your email of 3:10 p. m. today: "Moreover your cover letter of August 4 affirmatively represents that your client withheld no documents of any kind based on any objections," I respond by referring you to Items 2 and 3 above. My letter made no such representation.

8. As to the statement in the last paragraph of your email of 3:10 p. m. today: "It now appears that your client withheld documents but planned not to disclose the withholding of relevant evidence," since you erroneously asserted the contents of my August 4 letter as making a respresentation that was not made, perhaps you can understand why I take exception to your accusation that my client engaged in the misconduct of which you accuse it and, necessarily due to my role as its counsel, me as well.

9. As regards the accusatory tone to which I referred in my 3:31 response to your email of today, indeed neither you nor I, nor certainly Mrs. Andreen, had anything other than cordial discourse. Sadly, the same cannot be said for your discussions with Mark Lee. I assign no fault, because I agree with you that Mark's comments were uncalled for, as I expect Mark would also agree. However, I do think that your gratuitous "kettle" remarks at the end of the deposition about defense lawyers were similarly uncalled for. But it is but to state the obvious that there was an accusatory tone that developed during the Oltman deposition. Thankfully, I managed to avoid being more than an unwilling witness to it. This is another reason why your accusations of today were so disconcerting. As I said, it is just not necessary.

Your request for a copy of AFC's liability policy is noted and I will provide it. I suppose I should have offered it, as that seems to be what Rule 26(a)(1)(D) contemplates. It is not a secret, and certainly not worth an argument.

Jack Owen
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 (fax)

NOTE: This is a confidential communication and may contain privileged and/or confidential information. If you are not the intended recipient, please delete this message and attachments, and do not read, copy, retain or disseminate the message or any attachment. If you have received this communication in error, please notify us immediately. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.

> ----- Original Message -----
> **From:** Rogers, E. Mabry
> **To:** Jack Owen
> **Cc:** Andreen, Rhonda C. ; Smith, Becky
> **Sent:** Friday, September 01, 2006 4:00 PM
> **Subject:** RE: Water Systems vs. Augusta and Snyder
>
> Thank you for the prompt reply.
>
> I'd like to discuss this at 4 today; is that agreeable?
>
> As to your last paragraph, I cannot recall any conversations with you yesterday that anything other than cordial. Please remind me of the accusatory tone which was directed to you by me (or anyone) during the Oltman deposition.
>
> As to the facts, I hope you can illuminate me during the meet and confer, but here is what I understand:
> 1. on August 29, you objected to "documents exchanged between AFC and its insurance carrier related to the incident..."
> 2. In a letter dated August 4, you stated "I do not think we withheld any information in reliance on the objections."
> 3. I am unaware of a privilege log you filed on behalf of Augusta; indeed, based on 2, I assumed that the lack of a privilege log was because of the position stated in 2.

9/1/2006

4. Because I thought AFC had called on its carrier, notwithstanding 2 and 3, I added the inquiry to the 30 b 5 document request and 30 b 6 notice, in light of the disclosure of insurance coverage made by Augusta on June 15, 2006.

In that regard, will you send the American International Specialty lines policy available, as contemplated by the Federal Rules? I do not believe we have a copy.

**From:** Jack Owen [mailto:ccowen@ball-ball.com]
**Sent:** Friday, September 01, 2006 3:31 PM
**To:** Rogers, E. Mabry
**Subject:** Re: Water Systems vs. Augusta and Snyder

I will review your position with my client and advise.

The comments of the last paragraph of your letter assume misconduct on my part, and appear to be a continuation of the accusatory tone that developed during the Oltman deposition. I will respond appropriately and will appreciate your withholding judgment until you are a bit better informed of the facts related to the responses I made on behalf of my client. None of this is necesasary to a resolution of disagreements on such matters.

Jack Owen
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 (fax)

NOTE: This is a confidential communication and may contain privileged and/or confidential information. If you are not the intended recipient, please delete this message and attachments, and do not read, copy, retain or disseminate the message or any attachment. If you have received this communication in error, please notify us immediately. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.

----- Original Message -----
**From:** Rogers, E. Mabry
**To:** ccowen@ball-ball.com
**Cc:** dpowell@plipc.com ; Andreen, Rhonda C. ; Smith, Becky
**Sent:** Friday, September 01, 2006 3:10 PM
**Subject:** Water Systems vs. Augusta and Snyder

Dear Jack:

In reply to your Objection to the Second Amended Deposition Notice of Augusta's 30 b 6 representative, dated August 29, please let me know if we can meet and confer about your objections today.

The items objected to in your Paragraph 1 is relevant, and at least likely to lead to relevant evidence regarding the tank which failed and caused a catastrophic loss of sulfuric acid. The tank had an Augusta nameplate on it, and it is governed by an Augusta submittal regarding, among other things, Augusta's testing program. The tank is also subject to the terms and conditions of the contract between Augusta and Water Systems, which

9/1/2006