# EXHIBIT AR-1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION INC., <br><br>   Plaintiff, <br><br> vs. <br><br> AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC. <br><br>   Defendants. | CIVIL ACTION NO.: 2:06-CV-335-MEF/SRW |

**REPLY BRIEF TO DEFENDANT
AUGUSTA'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Plaintiff, N.A. Water Systems, LLC ("Plaintiff" or "Water Systems"), replies as follows to the Response filed by Augusta Fiberglass Coatings, Inc. ("AFC") (Doc. 18) herein on September 25, 2006.

1.  **AFC Waived Any Applicable Privilege**.  Apparently as reason to ignore its violations of the Fed.R.Civ.P., AFC "admits" its responses to the Document Request was eleven days late. (AFC Response, p. 7). They were 14 days late.[1] AFC never addresses the fact that its "tardy" response raised only generic objections, to the Request for Production as a whole. It also pays no heed to its lack of a privilege log (except as to two documents), which is now over two months late.

---

[1] The RFP was served on June 23, 2006. The parties agreed to reply in 33 days (Doc. 5, ¶ 3(c)), which is July 26. AFC produced documents on August 9, 14 days later (having never sought any extension to the July 26 date pursuant to Rule 29 or otherwise.

1/1496340.1                                                      1

Moreover, on August 4, 2006, in a cover letter accompanying its Answers to Interrogatories, AFC alluded to its "objections" and then state it had not "withheld any information in reliance on the objections." (AFC Response, Exhibit M). Plaintiff assumed this statement to be true, and indicated its reliance in an offer to meet and confer on September 1, 2006. (AFC Response, Exhibit D).

Finally, AFC has not produced a privilege log (other than for two (2) redacted documents discussed in Plaintiff's Motion), much less produced the "evidence" or "legal authorities" required to support an assertion of privilege. *Guidelines to Civil Discovery Practice* ("*Guidelines*"), Section I.I.2.

AFC has waived any privilege.

2. **AFC Should Produce all Documents Related to the Purchase of Five (5) Tanks to Plaintiff**. AFC's brief addresses only quality control records of the tanks it supplied. (AFC Response, p. 12). AFC's specification name plate was on the failed tank (not Snyder's) and AFC was required to test the fully-assembled tank prior to shipment. (Water Systems' Motion, Attachment I, ¶ 14). Its brief does not address the other items which are the subject of the Motion: test procedures and manuals, procurement manuals, quality control and quality assurance manuals, purchase order procedures manuals for its fabrication work or for its purchases or for both, all documents that relate in any way to testing, shop testing, shop test procedures, or inspection of the tanks fabricated, or sold, by AFC and supplied to the Project, and the distributorship agreement (and amendments) with Snyder, including all documents or things related to these documents reasonably necessary to understand them in the context of this litigation.

Before Plaintiff takes the AFC depositions, AFC should be required to produce all documents recited in Sections 1 and 2.

3.  **AFC Should Bring Its 30(b)(6) Representative to Montgomery.** AFC apparently objects to any deposition of its witnesses – including its 30(b)(6) witness – in Montgomery. Plaintiff is aware that the "rule" as to the location of a deposition is discretionary, absent agreement by the parties. Plaintiff attempted to discuss this with AFC's lawyer, but was rebuffed, as AFC's August 16 letter confirms (AFC Response, Exhibit T). The depositions of AFC have been postponed because AFC stated it would *not* produce its test procedures, quality control, and similar documents relating to the five tanks it sold Plaintiff in the fall of 2003, one of which is the tank which failed catastrophically.[2] AFC also refused to produce any insurance communications. **(Exhibit AR-2, ¶ 2).** As the Court is aware, AFC has provided no log for these, so what is withheld is unknown.

Under these circumstances, Plaintiff chose not to risk a trip to a remote area, only to be frustrated in seeking discovery. **(Exhibit AR-2, ¶¶ 4-5).**

The following factors should be weighed by the Court, none of which were involved in the cases cited by AFC: (1) AFC has a cross-claim against Snyder; (2) AFC sent two employees to investigate the accident in Montgomery; (3) AFC chose the Court by removal; (4) AFC has shown every intention of refusing to produce relevant documents, likely forcing additional time and expense for depositions; and (5) no case involved a contractual duty to mitigate attorney's fees.

Plaintiff believes the Court should exercise its discretion to order the depositions in Montgomery.

---

[2] AFC sold five tanks to Plaintiff in the underlying transaction. One of the tanks failed and caused damage to another AFC-supplied tank. **(Exhibit AR-2, ¶ 6).**

4. **Conclusion**. Augusta has chosen to ignore the *Guidelines*, with respect to allegedly privilege documents, and it has made no effort to comply with those *Guidelines*, either in the description of the withheld documents, in providing evidence to support its assertions of privilege, or, as to the two documents on its log, providing the descriptions required both by the Fed.R.Civ.P. and the *Guidelines*.

Furthermore, it has failed to produce a number of responsive documents, as outlined in the underlying Motion.

Plaintiff requests that Augusta be ordered to produce the documents withheld, as listed on its privilege log and those documents withheld from production that should have been listed on a privilege log, that it be ordered to produce the documents which are the subject of the Motion, to the extent they in fact exist, and that, after complete production, it produce its witnesses for deposition in Montgomery.

Respectfully submitted,

_____
E. Mabry Rogers (ROG005)
Lawyer for N.A. Water Systems, LLC

OF COUNSEL:
Rhonda Caviedes Andreen (CAV008)
Angela R. Rogers (RAI 017)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Ave. N
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this date served the foregoing REPLY BRIEF TO DEFENDANT AUGUSTA'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL on the following parties:

Jack Owen
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com

Dorothy A. Powell, Esq.
Parsons, Lee & Juliano, P. C.
300 Protective Center
2801 Highway 280 South
Birmingham, AL 35223-2480
Email: dpowell@pljpc.com

by electronic filing and placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this _____ day of _____, 2006.

                                                    OF COUNSEL

# EXHIBIT AR-2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N.A. WATER SYSTEMS, LLC, as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC., | ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO.: 2:06-CV-335-MEF

## AFFIDAVIT OF MABRY ROGERS

1. My name is Mabry Rogers. I am over the age of 21 and competent. I give this Affidavit based on personal knowledge.

2. On September 11, 2006, a colleague, Rhonda C. Andreen, spoke with Jack Owen, the lawyer representing Augusta Fiberglass Coating, Inc. ("AFC") who informed her that AFC would not produce communications with its insurer nor would it produce documents related to test procedures for the other tanks that AFC supplied under its Purchase Order with U.S. Filter. Mr. Owen informed Mrs. Andreen that AFC would not produce the documents before the 30(b)(6) deposition nor at the deposition, although AFC would allow questions on those topics.

3. AFC insisted the deposition be in Blackwell, nowhere else. A trip to Blackwell, South Carolina, involves five to six hours of driving. If one flies, as AFC notes, it is a two-stop flight, to Augusta, Georgia, with at least 1-1/2 hours of driving from Augusta to Blackwell. An airline trip not only involves 2 take offs and landings (and the attendant danger), but also 1.5 hours at the departure airport, 1 hour to Atlanta, 1 hour of waiting in Atlanta, 1 hour to Augusta. Thus, it is a minimum of 6 hours to fly, each way, and then drive to Blackwell.

4.  Having been rebuffed in August, in our effort to have AFC produce witnesses in Montgomery, having learned that AFC would not produce documents pertinent to the case, and in light of the 6 to 7 hours each way to take depositions, I determined it was imprudent to go forward with the deposition, under the circumstances.

5.  Part of the consideration regarding a distant deposition is whether all documents will be available for questioning, whether the witness will be fully informed for questioning, and whether there will be disputes about documents not produced. In light of its contentions, its failure even to list what is assumed to be a number of communications involving an insurance claim, and the failure to produce any of its files on the other tanks purchased by plaintiff at the same time as the failed tank, it did not appear to be prudent, nor does it appear to be prudent now, to take the depositions in Blackwell, South Carolina, where there is a strong likelihood of more than one trip to accomplish the purpose of developing information relevant to the case.

6.  Attached hereto as **Exhibit AR-3** is the Purchase Order to AFC for the five tanks which comprise the order relating to the Hyundai facility in Montgomery, Alabama, for which one of the tanks failed, and another of the tanks was damaged as a result of the failure. That damage is, in part, the subject of damages in this lawsuit claimed by AFC against Snyder.

FURTHER, AFFIANT SAYETH NOT

_____
E. Mabry Rogers

Dated this 29th day of September, 2006.

State of Alabama         )
                         )
County of Jefferson      )

Sworn to and subscribed before me this 29th
Day of September, 2006.

_____
NOTARY PUBLIC
My Commission expires: 6/20/2010

RHONDA F. AVERY
Notary Public
STATE OF ALABAMA

1/1496649.1                Page 2

# EXHIBIT AR-3



**USFilter**

Airside Business Park
250 Airside Drive
Moon Township, PA 15108-2793
Phone 412-809-6000
FAX  412-809-6188

VENDOR:

AUGUSTA FIBERGLASS
HIGHWAY 3 SOUTH
RTE 2 BOX 138
BLACKVILLE, SC 29817
United States

## PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 7041-01-009 | 0 | 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

**SHIP TO:** PLEASE CALL USFILTER FOR
SHIPPING INSTRUCTIONS
412-809-6000
United States

**BILL TO:** Accounts Payable Dept.
USF Enginering and Construction
Airside Business Park
250 Airside Drive
Moon Township, PA. 15108

| CUSTOMER ACCT NO. | VENDOR NO. | DATE OF ORDER/BUYER | REVISED DATE/BUYER |
|---|---|---|---|
| 1000061 | 1000061 | 21-AUG-03   ROTH, P | |
| **PAYMENT TERMS** | | **SHIP VIA** | **F.O.B** |
| NET 30 | | | |
| **FREIGHT TERMS** | | **REQUESTOR/DELIVERY** | **CONFIRM TO/TELEPHONE** |
| Prepaid | | Many | GUESS, C   (803) 284-2246 |

### SPECIAL NOTES PAGE

Gerald Meggs 803-284-2246 phone, 803-284-2309 fax
Bob Wittebort 724-927-9381 phone, 724-927-2646 fax

Please acknowledge receipt of this order by signing and returning one
copy within seven days.

This order is in accordance with USFilter Specification 7041-01-012 and
all documents included in our RFQ and August Fiberglass Proposal
#7790(307-036)GM.

Please contact Karen Kubera at 412-809-6184 for delivery instructions 72
hours prior to shipment.  Packing lists and bills of lading including
weights and dimensions must be faxed to 412-809-6188 prior to shipment.
Unscheduled deliveries may be refused at shipper's expense. All
correspondence including order acknowledgements, document transmittals,
shipping papers and invoices must reference USFilter PO 7041-01-009.

Please prepay freight charges and add to your material invoice including
copies of all freight bills.  Freight has been estimated at $1,850.00 for
this order.  USFilter will reimburse up to 110% of that estimate.

Payment Terms:
  90% upon delivery at job site
  10% upon start-up not to exceed 180 days from shipment.
Payable Net 45 days from receipt of invoice.

The equipment purchased on this order is exempt from Alabama State Sales
Tax as it will be resold to a third party.  The Alabama Department of
Revenue will accept USFilter's Pennsylvania Resale Certificate as this is
a drop ship arrangement.

N001_00036

ORIGINAL



Airside Business Park
250 Airside Drive
Moon Township, PA 15108-2793
Phone 412-809-6000
FAX 412-809-6188

**VENDOR:**

AUGUSTA FIBERGLASS
HIGHWAY 3 SOUTH
RTE 2 BOX 138
BLACKVILLE, SC 29817
United States

## PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 7041-01-009 | 0 | 2 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

**SHIP TO:** PLEASE CALL USFILTER FOR SHIPPING INSTRUCTIONS
412-809-6000
United States

**BILL TO:** Accounts Payable Dept.
USF Engineering and Construction
Airside Business Park
250 Airside Drive
Moon Township, PA. 15108

| CUSTOMER ACCT NO. | VENDOR NO. | DATE OF ORDER/BUYER | REVISED DATE/BUYER |
|---|---|---|---|
| 1000061 | 1000061 | 21-AUG-03   ROTH, P | |
| **PAYMENT TERMS** NET 30 | | **SHIP VIA** | **F.O.B** |
| **FREIGHT TERMS** Prepaid | | **REQUESTOR/DELIVERY** Many | **CONFIRM TO/TELEPHONE** GUESS, C  (803) 284-2246 |

| ITEM | DESCRIPTION | DELIVERY DATE | QUANTITY | UNIT | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | 1 -10,000 GAL. FRP TREATED EFFLUENT TANK 12' ID X 12' STRAIGHT SHELL HEIGHT WITH FLAT BOTTOM, OPEN TOP WITH NOZZLES AS LISTED ON THE DATA SHEETS TAG #716 SHIP TO: Address at top of page | 08-OCT-03 | 1.00 | EACH | 9591 | 9,591.00 | |
| 2 | 1- 5000 GAL. FERRIC SULFIDE TANK 8'6" ID X 12' STRAIGHT SHELOL WITH DOME TOPWITH NOZZLES AS LISTED ON THE DATA SHEETS TAG #712 SHIP TO: Address at top of page | 08-OCT-03 | 1.00 | EACH | 5347 | 5,347.00 | N |
| 3 | FREIGHT TO DELIVER TO MONTGOMERY, AL SHIP TO: Address at top of page | 08-OCT-03 | 1.00 | EACH | 1850 | 1,850.00 | N |
| 4 | LOT OF DOCUMENTATION AS REQUIRED ON THE ATTACHED VENDOR DATA REQUIREMENTS DOCUMENT SHIP TO: AIRSIDE BUSINESS PARK 250 AIRSIDE DR MOON TOWNSHIP,PA 15108 United States DELIVER TO: ROTH, Mr. PAUL J (1.00) | 04-SEP-03 | 1.00 | EACH | 0 | 0.00 | N |
| | | | | | TOTAL | 16,788.00 | |

**NOTES: NO ORDER IS TO BE SHIPPED UNLESS AUTHORIZED FOR RELEASE BY BUYER**
1. Material Safety Data Sheets: One copy with delivery of order and one copy submitted with remittance invoice
2. This Purchase Order, along with all documents attached and incorporated herein by reference, constitutes the entire agreement between Supplier/Subcontractor and USFilter with respect to the subject matter hereof. No attempt to change the terms of this purchase order, whether by conflicting acknowledgement or otherwise, shall be binding upon USFilter unless accepted by an authorized official USFilter in writing. Completion by the date stipulated above is imperative.

Purchasing Authorized Signature             Sellers Acceptance Signature

ROTH, P / Agent                    Date Signed        Authorized Signature/Title          Date Signed
Procurement/Equipment Buyer

ORIGINAL

N001_00037



**USFilter**

Airside Business Park
260 Airside Drive
Moon Township, PA 15108-2793
Phone 412-809-6000
FAX 412-809-6188

**VENDOR:**

AUGUSTA FIBERGLASS
HIGHWAY 3 SOUTH
RTE 2 BOX 138
BLACKVILLE, SC 29817
United States

### PURCHASE ORDER

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 7041-01-013 | 0 | 1 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

**SHIP TO:** PLEASE CALL USFILTER FOR
SHIPPING INSTRUCTIONS
412-809-6000
United States

**BILL TO:** Accounts Payable Dept.
USF Engineering and Construction
Airside Business Park
260 Airside Drive
Moon Township, PA. 15108

| CUSTOMER ACCT NO | VENDOR NO | DATE OF ORDER/BUYER | REVISED DATE/BUYER |
|---|---|---|---|
| 1000061 | 100006.1 | 26-AUG-03  ROTH, P | |
| **PAYMENT TERMS** | | **SHIP VIA** | **F.O.B.** |
| NET 30 | | | SHIPPING POINT |
| **FREIGHT TERMS** | | **REQUESTOR/DELIVERY** | **CONFIRM TO/TELEPHONE** |
| Prepaid | | Many | GUESS, C  (803) 284-2246 |

**SPECIAL NOTES PAGE**

Gerald Meggs 803-284-2246 phone, 803-284-2309 fax
Bob Wittebort 724-927-9381 phone, 724-927-2646 fax

Please acknowledge receipt of this order by signing and returning one copy within seven days.

This order is in accordance with USFilter Specification 7041-01-008 and all documents included in our RFQ and August Fiberglass Proposal #7790(307-036)GM.

Please contact Karen Kubera at 412-809-6184 for delivery instructions 72 hours prior to shipment. Packing lists and bills of lading including weights and dimensions must be faxed to 412-809-6188 prior to shipment. Unscheduled deliveries may be refused at shipper's expense. All correspondence including order acknowledgements, document transmittals, shipping papers and invoices must reference USFilter PO 7041-01-013.

Please prepay freight charges and add to your material invoice including copies of all freight bills. Freight has been estimated at $1,300.00 for this order. USFilter will reimburse up to 110% of that estimate with proper supporting documentation.

Payment Terms:
  90% upon delivery at job site
  10% upon start-up not to exceed 180 days from shipment.
Payable Net 45 days from receipt of invoice.

The equipment purchased on this order is exempt from Alabama State Sales Tax as it will be resold to a third party. The Alabama Department of Revenue will accept USFilter's Pennsylvania Resale Certificate as this is

a drop ship arrangement.

ACKNOWLEDGEMENT



**USFilter**
Airside Business Park
250 Airside Drive
Moon Township, PA 15108-2793
Phone 412-809-6000
FAX  412-809-6186

**PURCHASE ORDER**

| PURCHASE ORDER NUMBER | REVISION | PAGE |
|---|---|---|
| 7041-01-013 | 0 | 2 |

This Purchase Order Number must appear on all order acknowledgements, packing lists, cartons, and correspondence.

VENDOR:
AUGUSTA FIBERGLASS
HIGHWAY 3 SOUTH
RTE 2 BOX 138
BLACKVILLE, SC 29817
United States

SHIP TO: PLEASE CALL USFILTER FOR
SHIPPING INSTRUCTIONS
412-809-6000
United States

BILL TO: Accounts Payable Dept.
USF Engineering and Construction
Airside Business Park
250 Airside Drive
Moon Township, PA. 15108

| CUSTOMER ACCT. NO | VENDOR NO | DATE OF ORDER/BUYER | REVISED DATE/BUYER |
|---|---|---|---|
| 1000001 | 1000001 | 25-AUG-03   ROTH, P | |

| PAYMENT TERMS | SHIP VIA | F.O.B. |
|---|---|---|
| NET 30 | | SHIPPING POINT |

| FREIGHT TERMS | REQUESTOR/DELIVERY | CONFIRM TO/TELEPHONE |
|---|---|---|
| Prepaid | Many | GUESS, C  (603) 284-2246 |

| ITEM | DESCRIPTION | DELIVERY DATE | QUANTITY | UNIT | UNIT PRICE | EXTENDED | T |
|---|---|---|---|---|---|---|---|
| 1 | HDPE 5100 GAL 102" OD x 144" STRAIGHT SHELL HEIGHT (160.5" OVERALL) FLAT BOTTOM DOME TOP W/ FLANGES AND NOZZLES TAG T-711 SODIUM HYDROXIDE TANK<br><br>SHIP TO:<br>Address at top of page | 07-OCT-03<br>4-5wk ARAD am | 1.00 | EACH | 5100 | 5,100.00 | |
| 2 | 5100 GAL HDPE TANK 102" OD X 144' STRAIGHT SHELL HEIGHT (160.5" OVERALL) FLAT BOTTOM, DOME TOP TAG T-713 SULFURIC ACID TANK<br><br>SHIP TO:<br>Address at top of page | 07-OCT-03<br>4-5wk ARAD am | 1.00 | EACH | 7125 | 7,125.00 | N |
| 3 | FREIGHT TO DELIVER TO MONTGOMERY, AL<br><br>SHIP TO:<br>Address at top of page | 07-OCT-03<br>4-5wk ARAD am | 1.00 | EACH | 1300 | 1,300.00 | N |
| 4 | LOT OF SUBMITTAL DOCUMENTATION AS REQUIRED IN THE ATTACHED VENDOR DATA REQUIREMENTS DOCUMENT<br><br>SHIP TO:<br>AIRSIDE BUSINESS PARK<br>250 AIRSIDE DR<br>MOON TOWNSHIP, PA 15108<br>United States<br>DELIVER TO: ROTH, Mr. PAUL J (1.00) | 26-SEP-03<br>12  am | 1.00 | EACH | 0 | 0.00 | N |
| | | | | | TOTAL | 13,525.00 | |

NOTES: NO ORDER IS TO BE SHIPPED UNLESS AUTHORIZED FOR RELEASE BY BUYER
1. Material Safety Data Sheets: One copy with delivery of order and one copy submitted with remittance invoice
2. This Purchase Order, along with all documents attached and incorporated herein by reference, constitutes the entire agreement between Supplier/Subcontractor and USFilter with respect to the subject matter hereof. No attempt to change the terms of this purchase order, whether by conflicting acknowledgement or otherwise, shall be binding upon USFilter unless accepted by an authorized official USFilter in writing. Completion by the date stipulated above is imperative.

Purchasing Authorized Signature: [signed] ROTH, P / Agent
Procurement/Equipment Buyer
Date Signed: 8/25/03

Seller Acceptance Signature: [signed]
Authorized Signature/Title
Date Signed: 9/5/03

ACKNOWLEDGEMENT