IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **N.A. WATER SYSTEMS, LLC,** as successor by merger to USFILTER ENGINEERING & CONSTRUCTION, INC., | )<br>)<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) CIVIL ACTION NO.: 2:06-CV-335-MEF<br>) |
| **AUGUSTA FIBERGLASS COATINGS, INC., SNYDER INDUSTRIES, INC.,** | )<br>)<br>) |
| **Defendants.** | ) |

**DEFENDANT SNYDER INDUSTRIES, INC.'S
OBJECTION TO PLAINTIFF'S MOTION TO FILE REPLY BRIEF**

COMES NOW Snyder Industries, Inc. (hereinafter "Snyder"), one of the Defendants in the above-styled cause, and submits this Objection to Plaintiff's Motion to File Reply Brief.

1. The Plaintiff has failed to offer any justifiable reason for filing a Reply Brief which was not allowed by this Court's Order of September 13, 2006. The Court's Order only provided that Snyder Industries, Inc. and Augusta Fiberglass Coatings, Inc. were to file a response to the Plaintiff's Motion to Compel by September 25, 2006.

2. The Motion to File a Reply Brief is simply yet another means for the Plaintiff to burden this Court with many matters which never should have been before the Court if the Plaintiff had complied with the requirements of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure by making a "good faith"

attempt to resolve the subject matter of the Motion to Compel. As counsel for Snyder understands the requirement that parties meet and attempt to resolve discovery disputes prior to filing a motion with the Court, that means for the parties to reach an understanding that this matter cannot be resolved without the involvement of the Court. The Plaintiff failed to comply with these requirements with respect to the majority of the matters which are now before the Court. <u>See</u> Exhibit 14 attached to Snyder Industries, Inc.'s Notice of Filing in Support of Response to Motion to Compel.

3. Likewise, this latest pleading is yet another means of burdening the Court and the parties with matters which have been briefed and which should have been resolved without the necessity of Court intervention.

4. With respect to this latest filing by the Plaintiff, on September 28, 2006, counsel for Snyder received a letter from Plaintiff's counsel requesting that Snyder confirm certain matters with respect to documents produced on September 20, 2006 in order to allow the Plaintiff "to acknowledge those specific documents Snyder has produced." (A true and correct copy of the September 28, 2006 letter is attached hereto as Ex. A).

5. Instead of waiting to receive a response to the September 28, 2006 request in order to "acknowledge those specific documents Snyder has produced," the Plaintiff files the Motion to File Reply Brief with the Court on September 29, 2006, one day after sending this *pro forma* letter. Moreover, by e-mail

2

communication dated September 29, 2006, counsel for Snyder advised Plaintiff's counsel that it would respond to the September 28th letter. (A true and correct copy of e-mail communication dated September 29, 2006 is attached hereto as Ex. B). However, given that the Plaintiff has already taken a position with respect to the document production of September 20, 2006, it is unclear what and to whom Plaintiff is going "to acknowledge" with respect to "those specific documents Snyder has produced." Ex. A.

6. It appears the Plaintiff simply wants to reiterate its mistaken position that factual discovery is to be completed by October 15, 2006, which appears to be its excuse for failing to resolve any dispute it may have with Snyder regarding some of the matters made the basis of the Motion to Compel. Counsel for Snyder, as has been conveyed to Plaintiff's counsel on numerous instances, was advised by Judge Fuller's office to tell Plaintiff's counsel that he/she was to call Judge Fuller's office if there was any confusion that the discovery deadline in this case for "all discovery" is April 12, 2006. It appears that this one telephone call to Judge Fuller's office has never been made.

7. The Plaintiff has engaged in conduct which has been an enormous expense for all parties involved, and has unnecessarily burdened the Court with matters which should not be brought before the Court, including this latest Motion.

8. The Plaintiff should not be allowed a "second bite at the apple" to submit additional materials to this Court regarding its Motion to Compel. The Motion has been fully briefed and all factual issues brought to the attention of the Court.

WHEREFORE, PREMISES CONSIDERED, Snyder Industries, Inc. respectfully requests that this Court deny the Plaintiff's Motion to File Reply Brief to Defendant Snyder's Response to Plaintiff's Motion to Compel.

\s\ Mark W. Lee
MARK W. LEE

\s\ Dorothy A. Powell
DOROTHY A. POWELL

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
2801 Highway 280 South
300 Protective Center
Post Office Box 530630 (35253)
Birmingham, AL 35223-2480
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of October, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. E. Mabry Rogers, Ms. Rhonda Caviedes Andreen and Mr. Jack Owen.

/s/ Dorothy A. Powell
OF COUNSE