IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| N. A. WATER SYSTEMS, LLC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.2:06cv335-MEF |
| | ) |
| SNYDER INDUSTRIES, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER ON MOTION</u>**

Upon consideration of plaintiff N.A. Water Systems' motion to compel production of documents by Snyder Industries filed on September 12, 2006 (Doc. #10), and its motion to compel Augusta Fiberglass Coatings to produce documents and things (Doc. # 12), and for good cause, it is

ORDERED as follows:

1. The motions are DENIED pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶ 5 of the General Order of this Court entered on November 22, 1993.[1]

---

[1] The applicable provision of this court's General Order reads as follows:

The court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to attempt to resolve discovery disputes by a good faith *conference* before seeking court intervention. Discovery motions filed pursuant to these Rules *must be*

2. Counsel for the respective parties shall meet *in person* to confer within ten days of the date of this order and shall attempt to resolve their differences or to reduce substantially the areas of dispute regarding the discovery requests at issue in the pending motions. They should also attempt to anticipate, and to plan for, all further discovery in this case with a view toward minimizing the areas of conflict and conducting the remaining discovery as efficiently and amicably as possible. Counsel for plaintiff shall initiate the call to set up the discovery conference.

3. The Court will entertain renewed motions to compel only if moving counsel files a statement with the court certifying that, after personal consultation and sincere efforts to do so, counsel have been unable to resolve the matter satisfactorily. If renewed motions to compel are filed, those motions, and any responses thereto, shall not exceed ten pages, including exhibits, without prior leave of court. The Court will consider imposing sanctions against the losing party in accordance with Fed. R. Civ. P. 37(a)(4) on its own motion in the absence of substantial justification for the losing party's position.

4. N.A. Water System's motions to file reply briefs (Doc. ## 20, 21) are GRANTED, and Snyder Industries' objection (Doc. # 23) is OVERRULED. However, the Court notes

---

*accompanied by a certification* that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court deems the parties' efforts at conducting good faith conferences concerning discovery issues -- which largely seem to consist of an exchange of ultimatums -- to be profoundly insufficient in this case.

       that it does not ordinarily require reply briefs on discovery issues. Should counsel wish to file a reply brief in the future, a motion to file a reply brief should be filed *without* attachment of the reply brief in question. If the motion is granted, the reply brief then may be prepared and filed.

4.     Counsel did agree in their Report of Parties' Planning Meeting (Doc. # 5) to complete fact depositions by October 15, 2006, and the Court's Uniform Scheduling Order adopted the parties' discovery plan except to the extent of any conflict with the deadlines set out in that Order (Doc. # 6). However, the October 15, 2006 deadline is essentially self-imposed and, in this case, the Court deems the deposition deadline to be one that counsel may renegotiate if they desire to do so. The Court's discovery cut-off in this case remains April 12, 2007. See Doc. # 6 (May 30, 2006).

5.     Counsel are gently reminded that life is short. They may choose to spend their time, if they wish, in endless argument over minutia in this case, but the Court declines to join them in this unprofitable exercise unless absolutely necessary. Counsel should be able to resolve most discovery disputes themselves in a spirit of good faith cooperation without resort to expensive and time-consuming litigation before the Court.

DONE, this 5th day of October, 2006.

                                            /s/ Susan Russ Walker  
                                            SUSAN RUSS WALKER  
                                            UNITED STATES MAGISTRATE JUDGE